Oscar M. SIMMONS, Appellant,

v.

The STATE of Texas, Appellee.

No. 46131.

Court of Criminal Appeals of Texas.

May 9, 1973.

Aubrey Davee (On Appeal only), Brady, for appellant.

V. Murray Jordan, Dist. Atty., Brady, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of burglary with intent to commit theft. Punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., was assessed at life.

Appellant presents fifteen grounds of error. Initially, he challenges the sufficiency of the evidence and contends that the testimony of the accomplice witness, T. D. Wilson, should not have been believed.

The record reflects that during the night of December 21 or early morning hours of December 22, 1970, the building of the Pennsylvania Glass and Sand Company near Voca had been broken into and entry made through a window. The shop building as well as an employees' dayroom had also been broken into by cutting the locks off the doors. Various office machines and hand tools were discovered missing from the office and shop buildings. The

vending machines in the dayroom had been broken into and the money removed therefrom. There were two sets of footprints in the damp sand by the office building as well as tire tracks indicating that a vehicle had gone through a fence made of ⅜ inch cable which surrounded the building.

Johnny Ballard, a liquor store operator in Menard, testified that on December 23, 1970, appellant attempted to sell him a combination calculator and adding machine which was identical to the one taken in the burglary at the plant. Earl McClain, a pecan dealer, testified he bought a calculator, later identified as the one taken in the burglary, from appellant on the same day. Floyd Rendon testified that early in the morning of December 23, 1970, he had purchased from appellant two grinders, an electric drill and a welding hood, later identified as part of the stolen property. He further testified that T. D. Wilson, known to him as "Pete" or "Pee Wee", was with appellant at the time of the sale.

Sheriff Billy Joe Haney of Menard County testified that he recovered additional goods from a shed behind appellant's mother's house. Texas Ranger Bob Favor testified that after receiving a call from Sheriff Haney he went to Menard on December 24, 1970, and inspected appellant's 1960 Oldsmobile. He stated that in his opinion the tire treads were very similar to the tire marks found at the scene of the burglary. Further, he testified that the measured height of damage to the fence at the site was approximately 30–31 inches from the ground and that appellant's car had been damaged on the right front fender by what appeared to be a cable brush mark. The damage measured 31 inches from the ground. Sheriff Vogel of McCulloch County also testified to the similarity of the tire marks and about the damage to appellant's car.

Additionally, T. D. Wilson testified that he and appellant had committed the burglary and that together they stored the goods at appellant's mother's house and then tried to sell part of the goods. Appellant, testifying in his own behalf, denied any part of the burglary and attempted to establish an alibi. He did admit to attempting to help Wilson sell the stolen goods.

■ Nothing appears in the record to show an explanation by the appellant when he was first questioned about his possession of stolen property. The State is not required to prove the falsity of every explanation made by the accused, but only that part which he gives when his possession of the stolen property is first questioned.

■ Unexplained possession of property recently stolen from a burglarized building is sufficient to support a conviction for burglary with intent to commit theft. Wilson v. State, Tex.Cr.App., 457 S.W.2d 902.

■ We hold that the evidence is sufficient to support the conviction.

■ Next, appellant contends that the indictment is fundamentally defective, because it does not contain an allegation that the prior convictions were of like character to the primary offense.

Article 63, V.A.P.C., provides:

"Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

There is no requirement that the indictment allege that the prior convictions be of the same offense or of like nature under Article 63, supra. There has been no such requirement under Article 62, V.A.P.C., since Fairris v. State, 171 Tex.Cr.R. 416, 350 S.W.2d 935.

In three grounds of error complaint is made that the prior convictions alleged for enhancement were not properly proved and that the trial court erred in admitting evidence of other felonies.

**940**

■ Appellant waived any objection about the proof of the prior convictions when he took the stand and admitted them. Shannon v. State, 170 Tex.Cr.R. 91, 338 S.W.2d 462.

■ Complaint is made of the court's charge. No objection appears in the record. Objections to the court's charge or requested charges must be in writing before the charge is read to the jury. Articles 36.14, 36.15, Vernon's Ann.C.C.P.; Monroe v. State, Tex.Cr.App., 465 S.W.2d 757.

■ Next, appellant complains of jury misconduct. He argues that testimony of juror Robert Gray at the hearing on the motion for new trial shows that Mr. Gray had reservations about the way he voted. This contention is without merit because a juror may not explain or impeach his verdict by showing the reason for conclusion reached. Adams v. State, Tex.Cr.App., 481 S.W.2d 884.

■ Finally, it is contended that the prior convictions were too remote to be used for enhancement. Unlike the rule that a prior conviction too remote in time cannot be used for impeachment purposes, such prior convictions may be utilized for enhancement purposes. Morrison v. State, 169 Tex.Cr.R. 556, 336 S.W.2d 173.

The other matters raised have been considered and overruled. .

■ However, the indictment will not support the punishment assessed. The following rule from Ex parte Holley, 170 Tex.Cr.R. 206, 339 S.W.2d 903, is applicable:

> "The indictment is insufficient in law to support a life term under Art. 63, Vernon's Ann.P.C., because there is no allegation that the theft for which relator was convicted in 1950 was committed after the judgment in the forgery conviction became final. See Arbuckle v. State, 132 Tex.Cr.R. 371, 105 S.W.2d

219, 221; Armendariz v. State, 163 Tex. Cr.R. 515, 294 S.W.2d 98, 99; Rogers v. State, 168 Tex.Cr.R. 306, 325 S.W.2d 697; and Rogers v. State, 169 Tex.Cr.R. 239, 333 S.W.2d 383, 385 and cases cited."

In the present case there is no allegation that the theft for which the appellant was convicted in 1951 was committed after the judgment in the forgery conviction in 1948 became final. See Dodty v. State, 493 S. W.2d 787 (Tex.Cr.App., 1973).

The maximum punishment for burglary with intent to commit theft is twelve years under Article 1397, V.A.P.C., and is the proper sentence under Article 62, V.A.P.C. The judgment and sentence are reformed so as to read twelve years.

As reformed, the judgment of conviction is affirmed.