Olga Lee SONNIER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–00403–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 13, 1992.

Rehearing Denied April 8, 1993.*

---

* Editor's Note: Justice Duggan's Dissenting Opinion to the Denial of Rehearing is published at 852 S.W.2d 251.

Lawrence T. Newman, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Kimberly Aperauch Stelter, Asst. Dist. Atty., Houston, for appellee.

Before MIRABAL, DUGGAN and WILSON, JJ.

## OPINION

MIRABAL, Justice.

After a bench trial, the trial court found appellant, Olga Lee Sonnier, guilty of theft. After finding one of two enhancement paragraphs true, the trial court sentenced

appellant to 15–years confinement. We reverse.

Appellant was charged by an indictment with two paragraphs alleging theft: (1) under Penal Code § 31.03(a), (b)(1) (unlawful appropriation of property without owner's effective consent), and (2) under Penal Code § 31.03(a), (b)(2)[1] (theft by receiving). The trial court found appellant guilty of "theft," without specifying which paragraph of the indictment it found true.

In points of error one and three, appellant asserts the evidence was insufficient to support a conviction under either paragraph of the indictment. When the State alleges alternative methods of committing an offense, and the trier of fact returns a general verdict, the conviction should be affirmed on appeal if the evidence is sufficient to support a conviction based on either method. *Berg v. State*, 747 S.W.2d 800, 809 (Tex.Crim.App.1984); *Escobar v. State*, 773 S.W.2d 59, 60 (Tex. App.—Houston [1st Dist.] 1989, pet. ref'd).

In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the judgment. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after viewing the entire body of evidence in the light most favorable to the judgment, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989); *see also Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The standard of review is the same for both direct and circumstantial evidence. *Sutherlin v. State*, 682 S.W.2d 546, 548–49 (Tex. Crim.App.1984). Where circumstantial evidence is involved, the circumstances must exclude every other reasonable hypothesis except that of the guilt of the defendant.[2] *Moore v. State*, 640 S.W.2d 300, 302 (Tex.

---

**1.** Tex.Penal Code Ann. § 31.03(a), (b)(1) and (2) (Vernon 1989).

**2.** The trial of this case took place on May 2, 1990, before the opinion was issued in *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991).

Crim.App.1982). Proof that amounts only to a strong suspicion or mere probability is insufficient to support a conviction. *Id.*

On November 2, 1989, John L. Clough, the complainant, discovered several items missing from his establishment, the Houstonian Club. Among the items missing were four amplifier speakers, known as "P.V." or "Peavey" speakers. The speakers are the type that are connected to an amplifier system when bands play at the club. When the four speakers are stacked and connected, they stand about four feet tall and three feet wide. The speakers were valued at $1400 when purchased, and could not be replaced for less than $2000.

The complainant last saw the speakers on the night of November 1, 1989. He did not know appellant, she was not his employee, and he did not give anyone permission to take the speakers from his club. An employee, Gaylord or "Ricky" Burton, worked for him a couple of months, but vanished at the same time the speakers did. Burton was supposed to be at the club on the morning the speakers disappeared.

The complainant reported the theft to the police. He told them he believed Burton had stolen the speakers. One of complainant's employees had seen Burton take the speakers the morning of November 2, 1989. The speakers were found in a pawn shop. The complainant identified the speakers by their serial numbers.

Two employees of the pawn shop said two men came into the shop on November 2, 1989, and tried to pawn the speakers. The men had no identification, and the employees could not accept the speakers without some identification. The men came back later with appellant, who had a driver's license, and she pawned the four speakers for $225.

The police, after an investigation, were unable to locate Burton, but did locate appellant because her name, address, and signature were on the pawn tickets. Appellant was charged with theft. A pawn shop employee positively identified appellant as the woman who pawned the speakers.

Appellant called two witnesses, an employee of the pawn shop, Anthony Smith, and Sergeant Graves of the Houston Police Department. Appellant did not testify.

Smith testified two men tried to pawn the speakers. When he would not accept the speakers without some identification, the men left, but came back later with appellant. She presented a driver's license and pawned the speakers. Sergeant Graves testified appellant phoned him and said she pawned the speakers for some friends who did not have a driver's license.

In her first point of error, appellant asserts that the evidence is insufficient to show she had actual knowledge that the speakers were stolen.

The essential elements of theft by receiving are: (1) that a theft occurred by another person; (2) the defendant received the stolen property; and (3) when the defendant received the stolen property she knew it was stolen. *Dennis v. State,* 647 S.W.2d 275, 280 (Tex.Crim.App.1983); TEX.PENAL CODE ANN. § 31.03(a), (b)(2) (Vernon 1989). Under the statute and the indictment, the State had the burden to prove beyond a reasonable doubt, that appellant had *actual subjective* knowledge that the speakers were stolen. *Dennis,* 647 S.W.2d at 280; *Tuck v. State,* 722 S.W.2d 34, 36 (Tex.App.—Houston [1st Dist.] 1986, no pet.). The evidence, viewed in the light most favorable to the prosecution, shows:

—On the same day the speakers were stolen, two men brought them to a pawn shop to hock them.

—When the pawn shop refused to accept the speakers because neither man would offer identification, the two men left, and then returned with appellant.

—Appellant pawned the four speakers for the two men. She used her driver's license, giving her correct name and address. She received $225 for the four speakers, about $56 for each, while they were worth at least $350 each.

The State emphasized in the trial court, and on appeal, that the sheer value of the speakers is enough for the trial court to find appellant knew they were stolen. The State argues that selling stolen property for less than market value is some evidence

that the seller knew the property was stolen.

However, here the speakers were pawned, not sold, and the evidence does not indicate that the pawn shop paid an unusually low amount to pawn the speakers. Further, the evidence does not show that appellant, or any reasonable person of common experience, would likely even know the market value of the speakers.

We cannot say that the circumstances in this case exclude every other reasonable hypothesis except the hypothesis that appellant knew the speakers were stolen when she pawned them. We find, under the circumstances, appellant just as reasonably could have been doing a favor for her friends or acquaintances when she accompanied them to the pawn shop and used her own ID so the speakers could be pawned. We sustain appellant's point of error one.

In point of error three, appellant asserts the evidence was also insufficient to support her conviction under the "straight theft" paragraph of the indictment which alleged appellant (1) unlawfully appropriated the speakers by acquiring them and otherwise exercising control over them, (2) with the intent to deprive the owner of the property, (3) without the effective consent of the owner. TEX.PENAL CODE ANN. § 31.-03(a), (b)(1) (Vernon 1989).

■ The evidence before the trial court placed appellant in possession of the speakers on the day they were stolen. The unexplained possession of stolen property may be sufficient to sustain a conviction for theft. *Barnes v. State*, 520 S.W.2d 401, 403 (Tex.Crim.App.1975); *Perkins v. State*, 630 S.W.2d 298, 300 (Tex.App.—Houston [1st Dist.] 1981, pet. ref'd). To warrant such an inference of guilt from the circumstances of possession alone, the possession must be personal, recent, unexplained, and must involve a distinct and conscious assertion of a right to the property by the defendant. *Jackson v. State*, 645 S.W.2d 303, 306 (Tex.Crim.App.1983).

■ When the party in possession gives a *reasonable* explanation for having the recently stolen property, the State must prove the explanation is false. *McElyea v. State*, 599 S.W.2d 828, 830 (Tex.

Crim.App.1980). Whether the explanation is reasonable and true is a question of fact. *Smith v. State*, 518 S.W.2d 823, 825 (Tex. Crim.App.1975); *Buchanan v. State*, 780 S.W.2d 467, 469 (Tex.App.—Dallas 1989, pet. ref'd). The factfinder is not bound to accept a defendant's explanation for possession of recently stolen property. *Callahan v. State*, 502 S.W.2d 3, 6 (Tex.Crim. App.1973). A trial judge, sitting without a jury, is authorized to accept or reject any or all of the evidence. *Id.*

■ Appellant was in possession of the speakers when she pledged them at the pawn shop. This was a distinct and conscious assertion of a right to the property. She pawned the speakers on the day they were stolen, a "recent" possession. The explanation for appellant's possession of the speakers came from the State's witnesses, as well as appellant's. The evidence is uncontradicted that two men possessed the speakers and tried to pawn them. It was only when the two men were not allowed to pawn the speakers that they left, and then returned to the same pawn shop accompanied by appellant. The explanation for appellant's possession or control over the speakers is clear and uncontested—the two men requested her help in getting the speakers pawned. There is no evidence of what the two men told appellant in order to get her help. We find nothing in the record to contradict the hypothesis that appellant may have believed the speakers belonged to one of the two men. There is not one shred of evidence placing appellant at the complainant's club at the time the speakers were removed; the evidence, instead, points only to complainant's prior employee, Burton, as the likely thief.

■ In addition to the inference of guilt raised by possession of recently stolen property, the evidence when viewed as a whole must still be sufficient under normal standards of appellate review, and if the evidence supports a reasonable hypothesis other than the guilt of appellant, a finding of guilt beyond a reasonable doubt is not a rational finding. *Wilson v. State*, 654 S.W.2d 465, 472 (Tex.Crim.App.1983).

When viewed in its totality, we find the evidence in this case does not support a guilty verdict.

We sustain point of error three.

In her second point of error, appellant asserts there was a fatal variance between the allegations in the indictment and the evidence at trial, because the grand jury, through the use of due diligence, could have learned the name of the person from whom appellant received the stolen property. In light of our sustaining points of error one and three, it is unnecessary to discuss point of error two, and we decline to do so.

We reverse the judgment and order a judgment of acquittal.