Beverly Kay SWEENY, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–94–444–CR.

Court of Appeals of Texas,
Corpus Christi.

May 23, 1996.

Jacqueline Reynolds Church, Brownsville, for appellant.

Luis V. Saenz, District & County Attorney, Robert H. Moore, Jr., Assistant District Attorney, Brownsville, for appellee.

Before SEERDEN, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Appellant, Beverly Kay Sweeny, pleaded not guilty to burglary of a habitation. The trial court found her guilty and assessed punishment at ten years' confinement, probated for five years. By three points of error, appellant contends 1) that there is no evidence that she entered the residence; 2) that even though the stolen goods were found in her truck and she was present in the truck, she gave a reasonable explanation for her presence, and the explanation was not refuted by the State; and 3) that there is insufficient evidence to show a) that she exercised care, custody, or control over the stolen items, b) that she knew the items were stolen, or c) that she made a distinct and conscious assertion of right to the property. We affirm.

At approximately 3:00 p.m. on October 30, 1993, Jo Ann Cotham returned to her home in the Spanish Dagger Subdivision near Brownsville and discovered a two-toned blue truck sitting in her driveway. The driver's side door was open, but no one was in or near the truck. When Cotham entered her home through the front door she determined that the back door was open and that the door frame was broken. Cotham did not see anyone in the house. She wrote down the truck's license number, drove to a neighbor's house, and called the sheriff's office. When she returned to her home approximately fifteen minutes later, the truck was gone. Cot-

ham entered the house and found that items of personal property were missing.

Deputy Jose Gutierrez responded to a dispatch concerning a burglary in progress near Boca Chica Beach and Highway 4. During the twenty-five minute drive on Highway 4, the only route in and out of the subdivision, the deputy watched for but did not see the two-toned truck. After taking a report on the missing items, the deputy began to search for the truck.

One hour and fifteen minutes after being dispatched, Deputy Gutierrez found a vehicle matching the truck's description on the side of the road. This truck was only three or four miles from the scene of the burglary, and appellant was alone inside the truck. Deputy Gutierrez noticed that clothing was strewn about the inside of the cab and that more clothing, a television, and other items were in the bed of the truck. These items were in plain view. After calling Cotham to come identify the items, the deputy placed appellant in the back seat of his car and searched the area for other persons. Once Cotham identified the items as hers, Deputy Gutierrez advised appellant that she was under arrest for theft by possession and read her the *Miranda* warnings. The truck was then impounded and appellant was taken to the station.

By her first point of error, appellant contends that there is no evidence that she entered Cotham's house.

Where there is no direct evidence placing a defendant at the crime scene, a conviction for burglary may, under certain circumstances, rest upon the defendant having been found in possession of the stolen items. *See Chavez v. State,* 843 S.W.2d 586, 587 (Tex.Crim.App.1992); *Jones v. State,* 899 S.W.2d 25, 27 (Tex.App.—Tyler 1995, no pet.). Appellant was not seen in Cotham's house and was not seen driving the truck containing the stolen items; however, she was found in possession of the stolen items.

By her second point of error, appellant contends that even though the stolen goods were found in her truck and she was present in the truck, she gave a reasonable explanation for her presence and the explanation

was not refuted by the State. By her third point of error, appellant contends that there is insufficient evidence to show a) that she exercised care, custody, or control over the stolen items, b) that she knew the items were stolen, or c) that she made a distinct and conscious assertion of right to the property. Because these points of error address circumstances that must exist in order for appellant's guilt to be inferred from her possession of Cotham's personal property, we address the three points together.

A conviction rests upon insufficient evidence when, after viewing the evidence in the light most favorable to the prosecution, no rational factfinder could have found the essential elements beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979); *Patrick v. State,* 906 S.W.2d 481, 486 (Tex.Crim.App.1995). The standard is the same for both direct and circumstantial evidence cases. *Sutherlin v. State,* 682 S.W.2d 546, 548–49 (Tex.Crim.App.1984); *Vela v. State,* 771 S.W.2d 659, 660 (Tex.App.—Corpus Christi 1989, pet. ref'd).

Normally, recent, unexplained possession of stolen property is a sufficient circumstance, in and of itself, to convict a possessor of stolen property of the theft of such property. *Sutherlin,* 682 S.W.2d at 549. Mere possession of stolen property, however, does not give rise to a presumption of guilt; it is only an inference of guilt. *Id.* To warrant an inference of guilt from the circumstance of possession alone, the possession must be personal, recent, unexplained, and involve a distinct and conscious assertion of right to the property. *Id.; Grant v. State,* 566 S.W.2d 954, 956 (Tex.Crim.App.1978); *Vela,* 771 S.W.2d at 661. This inference is not conclusive, however, and the sufficiency of the evidence must still be examined according to applicable evidentiary standards of appellate review. *Hardesty v. State,* 656 S.W.2d 73, 77 (Tex.Crim.App.1983).

Our decisional law has long permitted the conviction of a person for theft if the evidence shows him to have been found in possession of recently stolen property without offering an explanation inconsistent with

guilt when first called upon directly or circumstantially to do so. *Chavez*, 843 S.W.2d at 587; *Prodan v. State*, 574 S.W.2d 100, 102 (Tex.Crim.App.1978); *Vela*, 771 S.W.2d at 661. This rule merely states conditions under which reviewing courts may regard the evidence as sufficient for a rational finding of guilt. *Chavez*, 843 S.W.2d at 588; *Hardesty*, 656 S.W.2d at 76–77. This rule of sufficiency is necessarily based upon a belief that those who steal property usually remain in possession of it for some time afterwards and that persons acquiring property honestly during such an interval are typically willing to explain how they came by it. *Chavez*, 843 S.W.2d at 588. Thus, we must determine if a permissive inference regarding appellant's guilt arose based on the facts of this case.

In addition to the facts set forth above, the record reflects that when the truck was found shortly after the burglary, appellant was sitting on the driver's side. Cotham subsequently identified the truck as the one she discovered outside her house, and appellant admitted that the truck was hers. We hold that appellant's possession was personal and recent.

■■■ We next consider whether appellant's possession of Cotham's belongings was unexplained. Any explanation relating to the possession of stolen goods must be given at the time of arrest. *Hardesty*, 656 S.W.2d at 77. When the party in possession gives a reasonable explanation for having recently come into possession of the stolen property, the State must prove the explanation is false. *McElyea v. State*, 599 S.W.2d 828, 829 (Tex. Crim.App.1980); *Sonnier v. State*, 849 S.W.2d 828, 831 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). The State is not required to disprove every explanation made by the accused, but only that part which he gives when his possession of the stolen property is first questioned. *Simmons v. State*, 493 S.W.2d 937, 939 (Tex.Crim.App.1973).

When Deputy Gutierrez first approached her, appellant stated that she was out of gas and was waiting in the truck for friends to return from Brownsville. Appellant offered no explanation for the presence of Cotham's belongings in the truck, even after Deputy Gutierrez informed her that she was under arrest for theft by possession.

At trial, appellant testified that she and two friends went to the beach. After sending her friends to Brownsville for gas and beer, appellant fell asleep on the beach and did not awaken until they returned. Because her friends returned without beer and gas, the trio left for Brownsville but subsequently ran out of gas. Appellant did not explain where her friends went while she slept. It is this explanation, made before the trial court, that appellant claims the State did not refute. Because appellant's explanation was not provided at the time of her arrest, we hold that her possession of Cotham's belongings was unexplained. We overrule appellant's second point of error.

We next consider whether there is sufficient evidence to show that appellant's possession of the stolen items involved a distinct and conscious assertion of right to possession. The evidence shows that Cotham's belongings were loaded into appellant's truck and carried away from the house in plain view. *See Jackson v. State*, 782 S.W.2d 264, 266 (Tex.App.—Houston [1st Dist.] 1989, no pet.). The evidence also shows that when Deputy Gutierrez told appellant that Cotham had identified some of the items in the truck as hers, appellant did not offer to return the items to her. *See Jones*, 899 S.W.2d at 27. We hold that appellant's possession of the stolen items involved a distinct and conscious assertion of right to possession. We overrule appellant's third point of error.

Because appellant was in unexplained possession of Cotham's recently stolen belongings and because this possession involved appellant's distinct and conscious assertion of right to the items, the trial court could properly infer appellant's uninvited entry into Cotham's home.

After reviewing the entire record, we hold that there was sufficient evidence for the trial court to find beyond a reasonable doubt that appellant was guilty of burglary of a habitation. We overrule appellant's first point of error.

We AFFIRM the trial court's judgment.