**Eben Martin GIBBS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–95–00173–CR.

Court of Appeals of Texas,
Texarkana.

Oct. 3, 1996.

Dan Meehan, Myles Porter, Bonham, for Appellant.

James Moss, District and County Attorney, John Skotnik, Assistant District Attorney, Bonham, for Appellee.

Before CORNELIUS, C.J., and GRANT and STARR, JJ.

## OPINION

GRANT, Justice.

Eben Gibbs appeals from his conviction for the offense of aggravated assault on Hope Medcalf with a deadly weapon. He contends in two points of error that the evidence is insufficient to show that Gibbs's pickup truck was used as a deadly weapon or that the victim, Hope Medcalf, suffered serious bodily injury, and that the trial court erred by denying his motion for instructed verdict on that basis. The jury found Gibbs guilty of aggravated assault, not guilty of intoxication assault, and not guilty of the offense of failure to stop and render aid. Gibbs and a companion, young men in their early 20s, were "cruising the drag" in Bonham, Texas, when Gibbs pulled into the drive-through of a Sonic restaurant and was seen by his ex-girlfriend, Buffy Perry, who was standing with a group of young people near the restaurant's exit. The testimony presented at trial diverges at that point. The State offered evidence that Gibbs knocked the hat off the head of Perry's new boyfriend, then backed up his pickup truck, injuring Tammy Johnson, and then pulled forward, injuring Hope Medcalf. The defense offered evidence that Perry's new boyfriend attacked Gibbs through the window of his pickup truck and

that Gibbs inadvertently injured the bystanders in escaping from his attacker.

 Gibbs first contends that the evidence was insufficient to prove that the pickup truck was used as a deadly weapon in this case. This argument can reasonably be said to contest both the legal and factual sufficiency of the evidence. In reviewing the legal sufficiency of the evidence, we employ the standards set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991), and look to see whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In our review of the factual sufficiency of the evidence, we review all the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 128–29 (Tex. Crim.App.1996); *Lisai v. State*, 875 S.W.2d 35, 37 (Tex.App.—Texarkana 1994, pet. ref'd).

 Conflicts in the evidence are to be resolved by the jury. In reviewing the evidence, we recognize that the jury may accept one version of facts and reject another or reject any part or all of a witness's testimony. *Penagraph v. State*, 623 S.W.2d 341 (Tex.Crim.App. [Panel Op.] 1981). It is the jury's job to judge the credibility of the witnesses and the weight to be given their testimony, and it may resolve or reconcile conflicts in the testimony, accepting or rejecting such portions as it sees fit. *Banks v. State*, 510 S.W.2d 592 (Tex.Crim.App.1974). Gibbs contends that the evidence is insufficient to show that he used or intended to use the vehicle for any purpose except to flee his attacker. An item that is not a deadly weapon *per se* may be found to be a deadly weapon [1] by nature of its use or intended use if the State provides sufficient evidence to show that in the manner of its use or intend-

---

1. A deadly weapon is defined by the Penal Code as either:
 (A) a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.
Tex. Penal Code Ann. § 1.07(a)(17) (Vernon 1994).

ed use it was capable of causing death or serious bodily injury. *Hill v. State,* 913 S.W.2d 581, 583–84 (Tex.Crim.App.1996).

The jury was instructed that, "A person commits aggravated assault if the person commits an assault, as defined above, but commits the assault with a deadly weapon or causes serious bodily injury to another." This portion of the charge is taken from TEX. PENAL CODE ANN. § 22.02(a) (Vernon 1994).

■ Tammy Johnson testified that Gibbs instigated a confrontation by reaching out of his pickup and knocking off the new boyfriend's hat, that he put his pickup truck into reverse and backed into her, crushing her leg between his truck and another vehicle, and that then he pulled forward and ran over another person. Another witness testified only that he saw the hat drop, and a Sonic employee testified that, shortly after he had asked Gibbs to move along, he saw Gibbs reach out of his truck and slap the man outside the truck without any apparent provocation. He further testified that Gibbs then threw his truck into reverse and rammed the vehicles behind him and accelerated out of the parking lot. Finally, James Johnson testified that Gibbs knocked off Perry's boyfriend's hat and then backed into Tammy Johnson and hit the other vehicle. Both victims testified that while running over them, Gibbs looked at them and smiled, all the while continuing to race the engine of his truck.

In a contrary version of the events, Gibbs's passenger testified that Perry's new boyfriend intercepted Gibbs's pickup as it neared the exit, that they exchanged words, and that the new boyfriend began hitting Gibbs with his fists through the window of the pickup truck. In an effort to escape, Gibbs put the truck into reverse and backed up rapidly. When he did so, he pinned one of the victims between the back bumper of his truck and the vehicle behind him. He then placed the truck into a forward gear and pulled around the car in front of him. As he did so, he ran into or over the second victim.

Gibbs testified that he saw neither of the victims, was unaware that he had run into anybody, and that Perry's new boyfriend had attacked him without provocation, hitting him in the face through the open window of his pickup truck.

The injuries of the two victims are evidentiary on the issue of the manner of use of the vehicle because these injuries demonstrate the force and acceleration with which the vehicle was driven into the victims. Medcalf testified that the injury sent her to the hospital for two days and that she was treated for a broken bone in her pelvis. She testified that she was treated for about a month, and that she had not been able to work during the summer holiday or run or jump or dance because she could not stand on her feet for a long period of time. The other victim, Tammy Johnson, was sitting on a pickup tailgate when Gibbs backed into her. As well as lacerating the leg, the impact severed the muscles in her leg, and required extensive reconstructive surgery to repair. The testimony was that even with the surgery and physical therapy her recovery would probably be partial at best.

Viewing the evidence in the light most favorable to the prosecution, we find that there is testimony indicating that Gibbs was fully aware of the situation of Medcalf, but continued the action that caused her harm. From this evidence, a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Therefore, we find the evidence to be legally sufficient to support the finding of the use of a deadly weapon.

We have also reviewed all the evidence for factual sufficiency and find that the jury could have determined that the truck was used as a deadly weapon and a verdict based upon that determination was not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. The points of error contesting the sufficiency are overruled.

Gibbs next contends that there is insufficient evidence to prove that Medcalf suffered a serious bodily injury and that aggravated assault was thus not adequately proven.

■ It is, however, unnecessary for us to reach this point of error because the jury was also charged that it could find Gibbs

guilty of aggravated assault if it found that he used or exhibited a deadly weapon during the commission of the assault.[2] TEX. PENAL CODE § 22.02. As discussed above, there is evidence that the pickup truck was used in a manner that could cause serious bodily injury. Having determined that there was sufficient evidence for the jury to find that the truck was used as a deadly weapon, it was not necessary for the jury to make a determination of the seriousness of the bodily injuries to the victims. Where there are alternate means of proving an offense, if sufficient evidence exists on either of the alternatives, the sufficiency of the evidence is established. *Alvarado v. State,* 912 S.W.2d 199, 225 (Tex.Crim.App.1995); *Sonnier v. State,* 849 S.W.2d 828, 829 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

The judgment of the trial court is affirmed.

---

**2.** The charge read as follows:

A person commits an assault if the person intentionally or knowingly or recklessly causes bodily injury to another, including the person's spouse.

A person commits aggravated assault if the person commits an assault, as defined above, but *commits the assault with a deadly weapon* or causes serious bodily injury to another. (Emphasis added.)