**Jason Leigh HAVARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–97–309 CR.**

Court of Appeals of Texas, Beaumont.

Submitted July 13, 1998.

Decided Aug. 12, 1998.

---

David W. Barlow, Beaumont, for appellant.

Tom Maness, Criminal District Attorney, Rodney D. Conerly, Assistant Criminal District Attorney, Beaumont, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

Jason Leigh Havard was convicted by a jury and sentenced to ten years' confinement in the Texas Department of Criminal Justice, Institutional Division. The sole point of error presented on appeal challenges the legal sufficiency of the evidence to sustain Ha-vard's conviction. Havard contends the State at best proved only that he was in possession of items taken in the burglary, but failed to prove he entered the complainant's home without permission or that he took the complainant's property from the home.

■ We consider all the record evidence in the light most favorable to the trial court's verdict and determine whether, based on that evidence and all reasonable inferences therefrom, any rational trier of fact could have found appellant guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991). The test is the same for both direct and circumstantial evidence cases. *Id.* at 161.

■ The jury is the exclusive judge of the facts proved, the credibility of the witnesses, and the weight to be given to the testimony. TEX.CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979). "Likewise, reconciliation of conflicts in the evidence is within the exclusive province of the jury." *Jones v. State,* 944 S.W.2d 642, 647 (Tex.Crim.App. 1996), *cert. denied,* — U.S. —, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997). The jury may believe or disbelieve all or any part of a witness's testimony, even though the witness's testimony has been contradicted. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex. Crim.App.1986).

This appeal is similar to *Rogers v. State,* 929 S.W.2d 103 (Tex.App.—Beaumont 1996, no pet.), where neither the appellant nor anyone else was seen entering or leaving the complainant's house, nor was the appellant's presence inside the habitation proven through direct evidence such as fingerprints, footprints, or eyewitness identification. We discussed the pertinent authorities:

Case law has established when there is independent evidence of a burglary, the unexplained personal possession of recently stolen property will support an inference of guilt of the offense in which the property was stolen. *Hardesty v. State,* 656 S.W.2d 73, 76 (Tex.Crim.App.1983). *Hardesty* overruled a long line of prior holdings by the Court of Criminal Appeals

which stood for the proposition that evidence of a defendant's recent and unexplained possession of stolen property was sufficient, in itself, to sustain a conviction. *Id.* at 77. The *Hardesty* Court instead held that said unexplained possession was merely a circumstance of guilt and, as such, was not conclusive. *Id.* As the Court observed: "[o]nce the permissible inference arises, sufficiency of the evidence must still be examined according to applicable evidentiary standards of appellate review since the inference is not conclusive." *Id.*

*Id.* at 108. [emphasis in original]. Another decision of an intermediate appellate court also discussed the law regarding recent unexplained possession of stolen property:

> Our decisional law has long permitted the conviction of a person for theft if the evidence shows him to have been found in possession of recently stolen property without offering an explanation inconsistent with guilt when first called upon directly or circumstantially to do so. *Chavez* [*v. State*], 843 S.W.2d [586] at 587 [ (Tex.Crim.App.1992) ]; *Prodan v. State*, 574 S.W.2d 100, 102 (Tex.Crim.App.1978); *Vela* [*v. State*], 771 S.W.2d [659] at 661[ (Tex.App.—Corpus Christi 1989, pet. ref'd)]. This rule merely states conditions under which reviewing courts may regard the evidence as sufficient for a rational finding of guilt. *Chavez*, 843 S.W.2d at 588; *Hardesty*, 656 S.W.2d at 76–77. This rule of sufficiency is necessarily based upon a belief that those who steal property usually remain in possession of it for some time afterwards and that persons acquiring property honestly during such an interval are typically willing to explain how they came by it. *Chavez*, 843 S.W.2d at 588.
>
> . . . .
>
> Any explanation relating to the possession of stolen goods must be given at the time of arrest. *Hardesty*, 656 S.W.2d at 77. When the party in possession gives a reasonable explanation for having recently come into possession of the stolen property, the State must prove the explanation is false. *McElyea v. State*, 599 S.W.2d 828, 829 (Tex.Crim.App.1980); *Sonnier v. State*,

849 S.W.2d 828, 831 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). The State is not required to disprove every explanation made by the accused, but only that part which he gives when his possession of the stolen property is first questioned. *Simmons v. State*, 493 S.W.2d 937, 939 (Tex. Crim.App.1973).

*Sweeny v. State*, 925 S.W.2d 268, 270–71 (Tex.App.—Corpus Christi 1996, no pet.).

The *Sweeny* court held the defendant's possession of the stolen property was unexplained, although she provided an innocent explanation at trial, because that explanation was not provided at the time of arrest. *Id.* at 271.

A similar analysis appears in a third opinion:

> Such an explanation by the defendant must be made when first called upon directly or circumstantially to do so, which could include the time of his arrest. [citations omitted] The State is not required to refute an explanation made for the first time at trial. *Espinosa v. State*, 463 S.W.2d 8, 10 (Tex.Crim.App.1971); [additional citations omitted].

*Taylor v. State*, 921 S.W.2d 740, 744 (Tex. App.—El Paso 1996, no pet.). The *Taylor* court held Taylor's act of selling the stolen property to the pawn shop "is sufficient to establish both personal possession and the assertion of a conscious and distinct right to the property." *Id.* at 745. *See also, Nelson v. State*, 905 S.W.2d 63, 64 (Tex.App.—Amarillo 1995, no pet.) ("Proof of conflicting explanations provides adequate basis upon which to deem the explanations false or unreasonable."); *Price v. State*, 902 S.W.2d 677, 680 (Tex.App.—Amarillo 1995, no pet.) ("Whether the defendant's explanation is reasonable or false is an issue to be decided by the trier of fact. The falsity of the explanation may be shown by circumstantial evidence.").

In the case *sub judice*, the complainant, Carl Patin, testified Havard is the son of a friend who lives a few blocks away. Patin hired Havard to do some yard work about one week before the burglary. Possibly in Havard's presence, Patin told Havard's father he was working seven twelves in Lake

Charles. When Patin returned home on September 26, 1996, he discovered a window had been broken and his VCR, recorder, compact disks and Sega game were gone. His television, guns, shotgun shells, fishing poles and other expensive items were still in the house. On Christmas Eve a friend showed Patin an unusual compact disk which Patin suspected belonged to him. Patin went to a pawn shop, where he discovered more compact disks and a VCR that looked just like his. After the pawnbroker showed Patin the pawn ticket, Patin checked the serial number on the VCR and confirmed it was indeed his. Jason Havard's name and signature were on the pawn ticket, which is dated September 26, 1996, the day of the burglary. Patin then told the elder Mr. Havard he believed the burglary had been committed by Jason Havard. Patin confronted Havard over the telephone, and Havard replied, "I'll pay you back" and asked Patin not to go to the police. During their conversation, Havard did not deny breaking into the house. Patin testified that shortly before trial Havard told him the burglary had really been committed by Charles Palermo, and Palermo gave Havard the merchandise to repay a debt, but Patin did not believe him. Havard did not have Patin's permission to enter Patin's home or to pawn Patin's property.

No fingerprints were recovered from the crime scene. No scientific evidence linked Havard to the crime. Dustin James identified Havard as the person who sold the stolen property to him at the pawn shop.

Havard, testifying on his own behalf at trial, denied committing the offense. According to Havard, a friend named Charlie Palermo gave him the property in payment of a pool debt. Havard admitted to pawning the property, but denied entering Patin's home and taking the property. Havard also admitted he told Patin, "Don't call the police. I'll pay you back."

Havard possessed stolen property the same day it was stolen. He exercised control over it by selling it to a pawn broker. When first confronted and accused of committing the burglary, he did not deny it and did not supply an innocent explanation for his possession of the property. We hold the jury could infer from the circumstances of Havard's possession of the stolen property that Havard entered Patin's home and removed the property. The reasonableness of the explanation Havard eventually supplied was a fact issue the jury resolved against him. Considering all of the circumstances, we find the evidence sufficiently supports the conviction. We overrule the point of error, and affirm the judgment and sentence of the trial court.

AFFIRMED.