TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00185-CR


NO. 03-99-00186-CR


NO. 03-99-00187-CR







Robert Stanley Duncan, Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NOS. 49,200, 49,201 & 49,202, HONORABLE RICK MORRIS, JUDGE PRESIDING








 A jury convicted appellant of burglary of a habitation. See Tex. Penal Code Ann.
§ 30.02 (West 1994). The trial court assessed punishment at confinement for twelve years in each
of three causes. In four issues, appellant challenges the convictions on the grounds that: (i) the
trial court improperly admitted evidence of appellant's numerous pawn transactions in violation
of Texas Rules of Evidence 403 and 404; (ii) the trial court improperly admitted evidence of an
extraneous offense in violation of Rules 403 and 404; (iii) the trial court improperly admitted
evidence of appellant's incarceration for another burglary for which the State failed to make
proper disclosure; and (iv) the evidence was insufficient to support the convictions. We will
affirm the convictions.

FACTUAL SUMMARY

 Appellant was indicted for burglarizing three homes in Killeen, Texas, on February
13, April 7, and April 16, 1998. At trial, three witnesses testified to the burglaries of their
homes. Arlys Hockenbrocht testified that she came home from work on February 13, 1998, and
found that her home had been burglarized and jewelry taken. She further testified that she located
some of the missing jewelry in August at Doc Holiday's Pawn Shop in Killeen, and she identified
several items of jewelry recovered from the pawn shop. Records of the pawn shop showed that
the items identified by Hockenbrocht were pawned by appellant on February 13, 14, and 23, and
on April 13, 1998. Linda Owen testified that her home was burglarized on April 7, 1998, and
she identified two pieces of "dolphin" jewelry that were stolen from her and recovered by police
from a pawn shop. Records of the pawn shop showed that the property, including a "dolphin"
ring, was pawned by appellant on July 28, 1998. The third witness, Eleene Metcalf, testified that
her home was burglarized on April 16, 1998. Some of the jewelry taken was pawned by appellant
on April 16, 18, and 19, 1998. 

 Five employees of two pawn shops also testified. The manager of Action Pawn
in Killeen identified a record of loans to appellant on July 28 for three pieces of jewelry that had
been stolen in the Owen burglary. He then identified State's exhibit 20, which consisted of five
pages listing nine transactions between the pawn shop and appellant over a two-year period. The
manager of Doc Holiday's Pawn Shop identified State's exhibit 28 as a record of appellant's pawn
activities at her pawn shop, and she identified him as a regular customer. Three pawn shop clerks
testified to the procedures used by the stores in identifying customers; they testified concerning
pawn transactions by appellant in which he identified himself with a driver's license and signed
his name on the pawn tickets affirming that he was the owner of the pawned items. Two of the
clerks identified appellant in the courtroom as the person who had pawned the items listed. 

 Police Officer St. John testified that he began an investigation based on information
provided by one of the pawn clerks at Doc Holiday's Pawn Shop. The clerk asked the officer
when he was going to "start looking into a gentleman that was pawning a lot of property" and
identified the man as appellant. When the officer confronted appellant with some of the pawn
tickets containing his name, appellant told him that he had found the items of jewelry in a purple
cloth bag by a creek close to his home. When he kicked the bag, he discovered it was full of
jewelry which he then pawned. Appellant's former girlfriend and her mother also identified some
of the stolen jewelry as gifts appellant had given them between July 1997 and May 1998. The
girlfriend testified that appellant had given her a "dolphin" ring, which he told her he found on
the floor of the restaurant where he was employed, and that he purchased some of the jewelry he
gave her at a pawn shop. 


DISCUSSION

 In his first issue on appeal, appellant objects to the admission of State exhibits 20
and 28, the two pawn shop records of his transactions, which indicated that appellant pawned
numerous items of jewelry taken from the three burglaries as well as other items on other dates. 
Exhibit 20 showed nine transactions at Action Pawn and exhibit 28 showed over twenty
transactions at Doc Holiday's Pawn Shop. Appellant contends that the two exhibits are
inadmissible under Texas Rules of Evidence 404(b) and 403. We disagree.

 The State argued in its opening statement that the burglaries were committed by
someone who knew what he wanted: jewelry that could be pawned for quick cash. Indeed,
similar items were stolen from each residence: rings, bracelets, pendants, and necklaces. The
State offered the two exhibits to disprove appellant's explanation of how he acquired the jewelry
and to show his regularity in pawning items at the two stores over a period of time -- even on the
days of the burglaries. The State made no attempt to show that the pawn transactions involving
items not stolen from the homes of the State's witnesses were illegal; rather, the exhibits were
relevant to show appellant's knowledge that he could "turn over" jewelry for cash and that he
could include stolen property along with other arguably legitimate items. The number of
transactions were probative as well on the issue of identity. Store employees were able to identify
appellant because of the large number of transactions. In addition, one clerk testified without
objection that appellant was a regular customer. We conclude that the exhibits were relevant,
their probative value was not outweighed by their prejudicial impact, and they were properly
admitted. The first issue is overruled.

 In his second and third issue on appeal, appellant complains that the trial court
improperly admitted evidence of an extraneous offense that was not related to the three burglaries,
and that the State failed to make timely disclosure of the evidence. Specifically, appellant
complains of the admission of his arrest and conviction for a burglary that occurred on December
2, 1997, to which he pleaded guilty on May 27, 1998. A police officer testified that he arrested
appellant on December 2 in the back yard of a house in Killeen in possession of a large quantity
of jewelry taken in a burglary of that residence. Although appellant initially protested that the
jewelry belonged to him, he admitted the burglary when he learned there were witnesses to his
entry of the house. Through cross-examination, defense counsel sought to establish that while
appellant may have "fenced" the stolen items, he was not a thief and did not burglarize the three
homes. In addition, appellant sought to show that his explanation that he found the jewelry was
at least consistent with his innocence in the Owen burglary because the items were pawned some
months after the burglary. (1)

 The State contends that the evidence was admissible to show that appellant was not
a mere "fence" and that the extraneous evidence contradicts his explanation for his possession of
stolen goods. The State also established that the December burglary was similar to the three
burglaries at issue. In each of the burglaries, the method of entry through a back door or window
was the same, similar items of fashion jewelry were stolen, and no fingerprints were found. (2)

 Extraneous offenses are admissible if relevant to a material issue and their probative
value is not substantially outweighed by the danger of unfair prejudice. See Montgomery v. State,
810 S.W.2d 372 (Tex. Crim. App. 1991); Tex. R. Evid. 404(b), 403. In reviewing the
admissibility of extraneous offenses in Montgomery, the Court of Criminal Appeals stated:


Illustrative of the permissible "purposes" to which evidence of "crimes, wrongs,
or acts" may be put are "proof of motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident." Extraneous offense
evidence that logically serves any of these purposes is "relevant" beyond its
tendency "to prove the character of a person to show that he acted in conformity
therewith."



Montgomery, 810 S.W.2d at 387 (emphasis added). An extraneous offense may also be relevant
and admissible to rebut a defensive theory. See Crank v. State, 761 S.W.2d 328, 342 (Tex. Crim.
App. 1988); Ivey v. State, 212 S.W.2d 146, 148 (Tex. Crim. App. 1948). It is the province of
the trial judge to determine if the evidence is relevant to one of the permissible purposes of such
evidence, and to determine whether its probative value outweighs its prejudice. 

 Here, appellant sought to portray himself as a mere finder of stolen property, at
most, a "fence." The State presented testimony of a police officer who arrested appellant in the
act of conducting a burglary. In addition, the December burglary shared several common
characteristics with the three burglaries that were the subject of the trial. Because the burglary
was offered to rebut appellant's claim of innocent possession and it shared common characteristics
with the three burglaries in issue at trial, the trial court did not abuse its discretion in admitting
the testimony. See Tex. R. Evid. 404(b).

 Appellant also complains that the State was allowed to elicit testimony that
appellant was incarcerated from May 28 through July 28, 1998. On cross-examination of Officer
St. John, defense counsel questioned the officer about the Hockenbrocht and Metcalf burglaries
and the pawn transactions occurring on the same dates. With respect to the Owen burglary on
April 7, the officer agreed in response to questioning that none of the stolen items were pawned
until July 28. On cross-examination of Officer St. John, defense counsel inquired as follows:


[Defense Counsel]: Now, has it ever been your experience that a person might
burglarize a home and then give the items to somebody else who would then pawn
them? Has that ever happened in your experience?


[Officer]: Yes, sir, it does happen.



After establishing that some of the stolen items were pawned on the very day of two of the
burglaries, defense counsel asked:


[Defense Counsel]: Okay. Now, Ms. Owen's date of offense was April 7th of '98;
is that correct?


[Officer]: Yes, sir.


[Defense Counsel]: But I guess we don't have anything pawned by Mr. Duncan
until July 28th; is that correct?


[Officer]: Yes, sir.



Thus, defense counsel sought to establish that an unexplained lapse occurred after the burglary
and that the appellant was not linked to the burglary by a pawn transaction.

 Through the testimony of appellant's girlfriend, the State established that appellant
gave her a "dolphin" ring that was taken from the Owen home in the burglary. The girlfriend
testified that she returned the ring to him in May 1998 when they broke up. Because appellant
was incarcerated from May 28 until July 28, he was unable to pawn anything. Thus, on July 28
when he was released from jail, he pawned the dolphin ring along with other items. We cannot
conclude that the trial court abused its discretion in admitting the evidence of the period of
incarceration.

 Appellant also complains that he was not provided timely notice of the incarceration
evidence. Although appellant was notified on the morning of trial of the specific dates of
incarceration that the State intended to introduce, the record reflects that in response to his request
for evidence of extraneous acts, appellant was notified ten days before trial that the State intended
to introduce evidence of the December burglary. The 60-day incarceration pertained to the
December burglary and fell within the scope of the notice. The dates were introduced in response
to evidence elicited by appellant showing a two-month, unexplained lapse in pawn transactions. 
The trial court properly admitted the testimony of the period of incarceration. Appellant's second
and third issues are overruled.

 In his fourth issue, appellant contends that the evidence is insufficient to support
a conviction. In reviewing the legal sufficiency of the evidence to support a criminal conviction,
the question is whether, after viewing all the evidence in the light most favorable to the verdict,
any rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. See Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991). This standard of review is the same for both direct and circumstantial
evidence. See Geesa, 820 S.W.2d at 162. The jury is the exclusive judge of the credibility of
the witnesses and the weight to be given their testimony, and may accept or reject all or any part
of the evidence. See Castellano v. State, 810 S.W.2d 800, 807 (Tex. App.--Austin 1991, no pet.);
Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979).

 In reviewing the factual sufficiency of the evidence, (3) we view all the evidence
"without the prism of 'in the light most favorable to the prosecution'"; and we set aside the jury's
verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). While we are
required to give deference to the jury verdict, we are also called upon to examine all of the
evidence impartially. See Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997).

 The evidence reflects that within hours of the burglaries of two of the homes,
appellant pawned some of the items taken from the burglaries. While items from the Owen
burglary were not immediately pawned, appellant gave some of the items as gifts to his girlfriend
and her mother. Appellant's explanations to the officer that he found the jewelry by a creek, or
to his girlfriend that he purchased the items at a pawn shop and found a ring on the floor at his
place of employment, conflicted with the pawn shop records of multiple transactions over a period
of time. Specifically, appellant's explanation that he "found" a bag of jewelry by a creek on
February 13 does not account for transactions immediately after the burglary of the Metcalf home
or for the transactions involving the dolphin jewelry stolen from the Owen home.

 A person commits the offense of burglary of a habitation if, without the effective
consent of the owner, he enters a habitation or building not then open to the public and commits
a felony or theft. See Tex. Penal Code Ann. § 30.02(a) (West 1994). Although recent,
unexplained possession of stolen property may be sufficient to support a conviction for theft of
the property, we agree with appellant's argument that mere possession of stolen property alone
is not sufficient. See Sutherlin v. State, 682 S.W.2d 546, 548-49 (Tex. Crim. App. 1984). To
warrant an inference of guilt from the circumstance of possession alone, the possession must be
personal, recent, unexplained, and involve a distinct and conscious assertion of right to the
property. Id.; Grant v. State, 566 S.W.2d 954, 956 (Tex. Crim. App. 1978); Sweeny v. State,
925 S.W.2d 268, 270 (Tex. App.--Corpus Christi 1996, no pet.).

 The jury heard evidence that appellant pawned jewelry from the Hockenbrocht
burglary on four occasions after the burglary, including the day of the burglary; that he gave his
girlfriend items from the Owen burglary, which she returned to him in May 1998, and then
pawned some of the items shortly after he was released from jail on July 28; and that he pawned
items from the Metcalf burglary on three occasions, including the day of the burglary. Thus, it
is undisputed that a short time after each burglary, appellant was in possession of the stolen
property. Pawn shop employees identified appellant as the person who pawned the items and
certified by his signature that he was the owner of the pawned goods. We conclude that
appellant's possession of the stolen property was personal and recent. 

 We next consider whether appellant's possession of the stolen property was
unexplained. The State is not required to disprove every explanation made by the accused, but
only the explanation he gives when his possession of the stolen property is first questioned. See
Simmons v. State, 493 S.W.2d 937, 939 (Tex. Crim. App. 1973). The jury was entitled to reject
as implausible his various and conflicting explanations to the police officer as well as to his
girlfriend and her mother for his possession of the property. In addition, the evidence of the
December burglary rebuts appellant's assertion that he came upon the property in an innocent
manner. A jury could reasonably conclude that his possession of stolen property was unexplained.

 We next consider whether there is sufficient evidence to show that appellant's
possession of the stolen items involved a distinct and conscious assertion of right to possession. 
The evidence shows that appellant gave as gifts various items taken from the burglaries. After
each burglary, he certified by his signature that he was the owner of the pawned goods. A jury
could reasonably conclude that appellant's possession of the stolen items involved a distinct and
conscious assertion of right to possession.

 Under these circumstances, the jury was entitled to infer that appellant did in fact
enter the three habitations. The Court of Criminal Appeals made it clear in Geesa that it is the
jury's prerogative "to weigh the evidence, to judge the credibility of the witnesses, and to choose
between conflicting theories of the case." Geesa, 820 S.W.2d at 159. It is also the jury's
prerogative to choose between conflicting inferences raised by the evidence. See Matson v. State,
819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

 After reviewing the entire record, we conclude that the evidence in the present case
is factually and legally sufficient to support a finding of all the essential elements of burglary of
a habitation beyond a reasonable doubt. The fourth issue is overruled.


CONCLUSION

 We overrule appellant's issues and affirm the convictions.



 

 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed on All Causes

Filed: September 10, 1999

Do Not Publish
1. The Owen burglary occurred on April 7, 1998, and some of the items were pawned on
July 28, 1998.
2. Appellant was wearing gloves when he was arrested on December 2.
3. Because appellant does not specify whether the challenge is to the legal or factual
sufficiency of the evidence, we will address both standards in our analysis. 



 circumstance of possession alone, the possession must be
personal, recent, unexplained, and involve a distinct and conscious assertion of right to the
property. Id.; Grant v. State, 566 S.W.2d 954, 956 (Tex. Crim. App. 1978); Sweeny v. State,
925 S.W.2d 268, 270 (Tex. App.--Corpus Christi 1996, no pet.).

 The jury heard evidence that app