Affirmed and Memorandum Opinion filed May 30, 2006









Affirmed
and Memorandum Opinion filed May 30, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00978-CR

____________

 

JASON LANGFORD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st
District Court

Harris County, Texas

Trial Court Cause No. 981,469

 



 

M E M O R A N D U M   O P I N I O N

Appellant Jason Langford pleaded guilty to
one count of intoxication assault. 
Following a presentence investigation hearing, the trial court sentenced
him to five years in prison.  In his sole
issue on appeal, appellant argues the trial court committed reversible error by
relying on hearsay statements of unidentified police officers regarding a prior
conviction.  We affirm.








I.  Factual and Procedural Background

While driving home from a Houston Texans
football game on November 24, 2002, appellant lost control of his vehicle and
drove into a field off the Sam Houston Parkway. 
The vehicle flipped over several times, throwing appellant from the car
and severely injuring his front-seat passenger. 
Appellant was transported to the hospital, where a blood test revealed
his blood‑alcohol content to be well above the legal limit.[1]

Appellant was charged with intoxication
assault.  Without an agreed punishment
recommendation from the State, appellant entered a plea of guilty and filed a
motion requesting community supervision. 
Prior to imposing sentence, the trial court ordered a presentence
investigation report (APSI@), pursuant to
article 42.12 of the Texas Code of Criminal Procedure.[2]  The report included an addendum containing a
charge information report from the Harris County District Attorney=s office
concerning appellant=s September 8, 2001 arrest for driving
while intoxicated.  At the presentence
investigation hearing, appellant objected to Athe addendum
concerning the facts of the prior DWI,@ and the trial
court overruled his objection.  Following
the hearing, the trial court found appellant guilty and sentenced him to five
years in prison.

II.  Discussion

In his sole issue on appeal, appellant
argues the trial court erred in overruling appellant=s hearsay
objection to evidence regarding the underlying facts of appellant=s September 8,
2001 conviction for driving while intoxicated. 
However, the record does not indicate that appellant made such an
objection.  The entire discussion
regarding the addendum to the PSI is as follows:








COURT:       Defense have any objection to the PSI?

COUNSEL:   Yes, Your Honor.

COURT:       Okay.

COUNSEL:   First, I object to the addendum concerning
the facts of the prior DWI.

COURT:       Overruled.

 

Appellant=s counsel then
moved on to correct a misstated date elsewhere in the PSI, and did not revisit
the subject.

As a prerequisite
to presenting a complaint for appellate review, the record must show that the
complaint was made to the trial court by a timely request, objection, or motion
that stated the grounds for the ruling that the complaining party sought from the
trial court with sufficient specificity to make the trial court aware of the
complaint, unless the specific grounds were apparent from the context.  Tex.
R. App. P. 33.1(a)(a)(A).  Here,
the record does not show that appellant stated a hearsay objection. 

When the specific
basis for the objection can be determined from the context, a general objection
may be enough to preserve error.  Zillender
v. State, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977).  But if an objection is subject to multiple
interpretations, error is waived unless the complaint is articulated to the
trial court in a manner that Astate[s] the
grounds for the ruling . . . with sufficient specificity to make the trial
court aware of the complaint . . . .@  Taylor v. State, 939 S.W.2d 148, 155
(Tex. Crim. App. 1996) (en banc); Tex.
R. App. P. 33.1.  On appeal,
appellant effectively concedes that the basis of the objection is not apparent
from the context, and is instead subject to multiple interpretations.  Although appellant argues that the objection
was a Ahearsay objection
to grapevine evidence,@ appellant admits in his brief that he A . . . is not
quite sure whether the trial objection was grounded upon hearsay; it appears
that a more appropriate objection would have been confrontation.@  








Not only is the
basis of the objection unknown, but the record also fails to identify the
particular evidence that is the subject of the objection.  The addendum consists of Adocuments
regarding the charge information for the offense of Driving While Intoxicated
which occurred September 8, 2001.@  These documents bear the headings, ACharge
Information,@ ASummary of Facts,@ and AWitness/Complainant
Data.@  It is not clear if appellant objected to the
inclusion of the entire addendum, to consideration of all facts found in the
addendum, or only to the section entitled ASummary of Facts.@

Finally, there is
no indication that the trial court relied on any information found in the
addendum that was not also placed in evidence by appellant=s own
testimony.  Under cross-examination by
the State, Appellant admitted, without objection, that he had previously pled
guilty to driving while intoxicated and for Ahit-and-run,@and that he had
previously been placed on probation for those prior offenses.  Appellant waived objection to proof of the
prior convictions when he admitted them while testifying during the punishment
phase.  Simmons v. State, 493
S.W.2d 937, 940 (Tex. Crim. App. 1973). 
Although the trial court affirmatively stated that it considered
evidence of appellant=s prior conviction and probation when
making his sentencing determination,[3]
such evidence was properly before the trial court in the form of testimonial
evidence. 

Because appellant=s general
objection is too vague to identify the evidence to which it is directed or the
grounds for the objection, we conclude that appellant=s sole issue is
waived.

 

 








For the
above-stated reasons, the ruling of the trial court is affirmed.

 

 

 

 

 

/s/      Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed May 30,
2006.

Panel consists of Justice Fowler, Edelman, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 











[1]  The
Presentence Investigation Report stated appellant=s
blood-alcohol content was 0.282, whereas the complaint indicated it was
0.24.  Regardless, Aintoxication@ is
defined as Ahaving an alcohol concentration of 0.08 or more.@  Tex. Pen. Code Ann. ' 49.01(2)(B) (Vernon 2005).





[2]  Tex. Code Crim. Proc. Ann. art 42.12 ' 9 (Vernon Supp. 2005)





[3]  Before
pronouncing the sentence, the trial court stated, AOne of the things about this case isCI keep coming back to is that after having gotten
probation for causing an accident, leaving the scene, and being intoxicated,
within two monthsCless than two months you are in an accident which, but
for the grace of God you [and your passenger] would be dead . . . .@