**In the Matter of E.P.**

No. 03–97–00023–CV.

Court of Appeals of Texas, Austin.

Feb. 20, 1998.

Rehearing Overruled April 9, 1998.

Kameron D. Johnson, Juvenile Public Defender, Austin, for appellant.

Ronald Earle, Dist. Atty., C. Bryan Case, Jr., Asst. Dist. Atty., Austin, for appellee.

Before CARROLL, C.J., and JONES and KIDD, JJ.

JONES, Justice.

■ Following a nonjury trial, the district court of Travis County, sitting as a juvenile court, adjudicated appellant, E. P., to have engaged in delinquent conduct by committing the offense of criminal trespass by entering a habitation without consent. *See* Tex. Penal Code Ann. § 30.05 (West 1994 & Supp.1998).

1. Criminal trespass is a Class B misdemeanor "unless it is committed in a habitation ... in

The court committed appellant to the Texas Youth Commission, and he perfected this appeal. In his sole point of error, appellant contends that the juvenile court improperly adjudicated him delinquent for the offense of criminal trespass because the evidence was legally insufficient to establish that appellant entered a "habitation." We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 20, 1996 at 3:37 a.m., the Austin Police Department received a complaint that one or more persons were in a vacant apartment at the Northgate Terrace Apartments. After receiving verification from the apartment manager that apartment A–3 was indeed vacant, the officers knocked repeatedly on the door and received no answer. With the manager's permission, the officers kicked open the door and entered the apartment. After a failed request for the occupants to show themselves, the officers discovered appellant and four other individuals hiding in the apartment.

Apartment A–3 was vacant at the time of the incident, but was in the process of being leased. It was part of a larger apartment complex, surrounded by approximately thirty-one other apartments. Although it was unfurnished at the time of the occurrence, the apartment had both electricity and water.

The State filed a petition alleging E.P. had engaged in delinquent conduct by committing the offense of criminal trespass by entering a habitation.[1] After a hearing, the trial court adjudicated E.P. delinquent for having committed such offense and sentenced him to commitment to the Texas Youth Commission. This appeal followed.

## DISCUSSION

In his sole point of error, appellant contends that the trial court erred in adjudicating him delinquent for criminal trespass as alleged because the evidence failed to establish that apartment A–3 was a "habitation" under the law. We disagree.

which event it is a Class A misdemeanor." Tex. Penal Code Ann. § 30.05(d) (West 1994).

When reviewing the legal sufficiency of evidence to determine whether the State has indeed proven an element of the offense, this Court must look at all the evidence in the light most favorable to the verdict. In addition, in juvenile cases we apply the criminal standard of review because the State bears the same burden of proof as in criminal cases. *In re M.S.*, 940 S.W.2d 789, 792 n. 2 (Tex.App.—Austin 1997, no writ).[2]

In applying the criminal standard of review, this Court does not ask whether *it* believes that the evidence at trial established beyond a reasonable doubt that apartment A–3 was a "habitation." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* reasonable trier of fact could have found that the apartment was a "habitation" beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *see Clewis v. State*, 922 S.W.2d 126, 128–29 (Tex.Crim.App.1996). The trier of fact is the exclusive judge of the credibility of witnesses and the weight to be given their testimony and is free to accept or reject any or all of any witness's testimony. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex.Crim.App.1992).

The Texas Penal Code defines "habitation" as "a structure ... that is adapted for the overnight accommodation of persons." Tex. Penal Code Ann. § 30.01 (West 1994). The controlling standard for determining whether a structure qualifies as a habitation under this definition is expressed in *Blankenship v. State*, 780 S.W.2d 198 (Tex.Crim. App.1989) (opinion on reh'g). The *Blankenship* court noted that determining whether a structure is or is not suitable for the overnight accommodation of persons is a "complex, subjective factual question fit for a jury's determination." *Id.* at 209. Factors to be considered include whether the structure was being used as a residence at the time of the trespass; whether the structure "contained bedding, furniture, utilities, or other belongings common to a residential structure"; and whether the structure was of such character that it was likely intended to accommodate persons overnight. *Id.* The *Blankenship* court explicitly offered an apartment as an example of this last factor, and noted that "[a]ll of these factors are relevant; none are essential or necessarily dispositive." *Id.*

We have reviewed all the evidence in the present case using the foregoing standard, and we conclude that a reasonable trier of fact could have determined that apartment A–3 was "adapted for the overnight accommodation of persons." At the time of the incident, the apartment was indeed vacant, but had been occupied by a tenant until about two weeks before the offense. Apartment A–3 was in the process of being leased and had both working water and electricity, as well as a kitchen, bathroom, and bedroom. In addition, the apartment was not situated alone, but rather was surrounded by tenants, sandwiched within a larger, active apartment complex. Based on the facts and circumstances of this case, we conclude that the record contains sufficient evidence from which a rational trier of fact could have found beyond a reasonable doubt that apartment A–3 was a "habitation" within the meaning of section 30.05(d) of the Penal Code. We overrule appellant's sole point of error.

### CONCLUSION

Having overruled appellant's sole point of error, we affirm the judgment of the trial court.

CARROLL, C.J., not participating.

2. We acknowledge the criticism leveled at *M.S.* for applying the criminal appellate standard in an appeal from a *disposition* order, the underlying findings of which do *not* require proof beyond a reasonable doubt at trial. *See In re A.S.,* 954 S.W.2d 855, 861 n. 3 (Tex.App.—El Paso 1997, no writ). Because the present appeal is from an *adjudication* order, however, we think the criminal standard of review is appropriate. *See* Tex. Fam.Code Ann. § 54.03(f) (West 1996).