# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00178-CV

## In the Matter of P.M.S.

### FROM THE COUNTY COURT AT LAW NO. 1 OF CALDWELL COUNTY
### NO. 1134-00CC, HONORABLE EDWARD L. JARRETT, JUDGE PRESIDING

After a bench trial, the juvenile court adjudicated P.M.S. delinquent based on the offense of indecency with a child and placed him on probation until age eighteen.[1] *See* Tex. Pen. Code Ann. § 21.11 (a)(1) (West Supp. 2001). Appellant brings two points of error, challenging the trial court's decision to allow certain witnesses to testify and challenging the sufficiency of the evidence to support his adjudication as delinquent. We will affirm.

In his second point of error, appellant contends that the evidence was insufficient to support his adjudication as delinquent because the State did not establish beyond a reasonable doubt the element of intent for the offense of indecency with a child.[2] Adjudications of delinquency in juvenile cases are based on the criminal standard of proof. *See* Tex. Fam. Code Ann. § 54.03(f) (West 1996). Therefore, we review challenges to the sufficiency of the evidence in juvenile cases

---

[1]  Appellant was fifteen years old at the time of the offense; the child involved was five years old.

[2]  Appellant's point of error does not specify whether he is asserting legal or factual sufficiency; we will consider both. *See In re C.F.*, 897 S.W.2d 464, 472 (Tex. App.—El Paso 1995, no writ).

using the standards applicable to criminal cases. *In re J.S.*, 35 S.W.3d 287, 292 (Tex. App.—Fort Worth 2001, no pet.); *In re E.P.*, 963 S.W.2d 191, 193 (Tex. App.—Austin 1998, no pet.).

To determine the legal sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). In a factual sufficiency review, we begin with the presumption that the evidence supporting the judgment is legally sufficient. *Clewis v. State*, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In reviewing the factual sufficiency of the evidence, we examine all the evidence in a neutral light. *Id*. at 129. Evidence is factually insufficient if it is so weak as to render the verdict clearly wrong and manifestly unjust or the verdict is against the great weight and preponderance of the evidence. *Johnson v State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); *see also Clewis*, 922 S.W.2d at 131-32. The jury decides the credibility of the witnesses and the weight to be given their testimony, and it resolves or reconciles conflicts in the testimony, accepting or rejecting such portions as it sees fit. *Banks v. State*, 510 S.W.2d 592, 595 (Tex. Crim. App. 1974). A jury can accept the State's version of the facts and reject appellant's version or reject any of the witnesses' testimony. *Moore v. State*, 804 S.W.2d 165, 166 (Tex. App.—Houston [14th Dist.] 1991, no pet.).

The offense of indecency with a child occurs when a person engages in sexual contact with a child. *See* Tex. Pen. Code Ann. § 21.11(a)(1) (West Supp. 2001). "Sexual contact" means any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person. *See id.* § 21.01(2) (West 1994). Appellant contends that

2

the evidence was insufficient to prove that he touched the child with the intent to arouse or gratify sexual desire.

The element of intent may be inferred from the actor's conduct, his remarks, or all of the surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981); *In re C.F.*, 897 S.W.2d 464, 472 (Tex. App.—El Paso 1995, no writ). A verbal expression of intent is not required, and the conduct of the actor alone is sufficient to allow the inference of intent. *Sendejo v. State*, 26 S.W.3d 676, 678 (Tex. App.—Corpus Christi 2000, pet. ref'd); *Couchman v. State*, 3 S.W.3d 155, 163-64 (Tex. App.—Fort Worth 1999, pet. ref'd). Proof of a culpable mental state generally relies upon circumstantial evidence, such as the suspicious conduct or statements of the actor, including consciousness of guilt evidence. *Couchman*, 3 S.W.3d at 163-64.

The offense occurred in a laundry room at the apartment complex where appellant and the child lived. The child testified that appellant touched him on his genitals. The child said that he had his pants down and appellant touched the "top of his tee-tee." The child said that appellant told him, "Let's go to the dumpster and do it" and "Let's do it some other time." Appellant told the child not to tell anyone. The child said that appellant had touched him on a previous occasion as well.

Rebecca Williams, the mother of one of the other children at the complex, said that her son came to their apartment for help because he was frightened. He told her that appellant had locked the child in the laundry room and turned off the lights. Williams went to the laundry room where the child opened the door. She turned on the lights. When she asked what was going on, appellant "acted strangely," fell on a table and repeatedly asked what she meant by, "What's going on." Williams said she noticed the child's zipper was down and she thought he looked scared.

3

Although appellant testified that he had been in the laundry room when the child was present, but had not touched him, the complex manager said that appellant, when first confronted, denied being in the laundry room at all.

Appellant's argument seems to be that he did not touch the child often enough or in a manner adequately showing intent.[3] However, the offense requires only "any touching," not a specific degree of touching. *See Gottlich v. State*, 822 S.W.2d 734, 741 (Tex. App.—Fort Worth 1992, pet. ref'd) ("played with" genitals)*; Fetterolf v. State*, 782 S.W.2d 927, 933 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd) (circled breast with hand). The totality of the circumstances, including appellant's turning off the lights and instructing the child not to tell are sufficient to support an inference of intent on the part of the jury. A rational jury could have determined that the State proved the element of intent beyond a reasonable doubt. *See Jackson*, 443 U.S. at 318-19. The evidence is not so weak as to render the verdict clearly wrong and manifestly or against the great weight and preponderance of the evidence. *See Johnson*, 23 S.W.3d at 11. We overrule appellant's second point of error.

In his first point of error, appellant contends that the trial court abused its discretion by allowing three undisclosed witnesses to testify. Appellant contends that the State failed to file its subpoena list with the district clerk and that the witnesses' testimony was harmful to appellant's case. Although it appears appellant may have waived error by failing to obtain a pretrial ruling on its discovery request, *see, e.g., Young v. State*, 547 S.W.2d 23, 27 (Tex. Crim. App. 1977), the State,

---

[3] In his brief, appellant states that the evidence shows at most a "curious touching" situation without criminal intent.

4

by supplemental clerk's record, has demonstrated that the subpoena list at issue was on file with the district clerk.  Further, the reporter's record shows that when the trial court overruled appellant's objection to these witnesses, it referred to the subpoena list as being part of the file (as well as the lack of a ruling on the discovery request).  Accordingly, we overrule appellant's first point of error.

Having overruled both of appellant's points of error, we affirm the trial court's order of adjudication and disposition.

_____

–

David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   October 4, 2001

Do Not Publish

5