# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-02-00190-CV

---

**In the Matter of M. R.**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. J-19,083, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

The district court found that M.R. engaged in the delinquent conduct of burglary of a habitation and committed him to the Texas Youth Commission for an indeterminate time up to his twenty-first birthday. M.R. contends on appeal that the evidence is insufficient to support the adjudication and that his counsel was ineffective for failing to object to hearsay evidence. We affirm the adjudication.

We review the legal[1] sufficiency of the evidence to support adjudications of delinquency in juvenile cases using the same standards we use to review criminal convictions. *See* Tex. Fam. Code Ann. ' 54.03(f) (West 2002); *In re E.P.*, 963 S.W.2d 191, 193 (Tex. App.CAustin 1998, no pet.). We view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *See E.P.*, 963 S.W.2d at 193 (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)). The trier of fact is the exclusive judge of the credibility of witnesses and the weight to be given their testimony and is free to accept or reject any or all of any witness=s testimony. *E.P.*, 963 S.W.2d at 193 (citing *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992)).

To prove burglary of a habitation, the State must show that the defendant, without the effective consent of the owner, entered a habitation with intent to commit a theft. *See* Tex. Pen. Code Ann. ' 30.02(a)(1) (West Supp. 2003). There is no dispute that property was taken from Jackie Moore=s apartment, that M.R. had some of Moore=s missing property in his family=s apartment hours after it was taken, and that Moore and her family did not consent to anyone entering their apartment and removing their property. The dispute concerns whether legally sufficient evidence supports the finding that M.R. entered Moore=s apartment.

---

[1] M.R. does not specify whether he is challenging the legal or factual sufficiency of the evidence. The only standard of review he asserts in his brief is that for legal sufficiency. Accordingly, we will review the evidence under that standard.

The offense of burglary may be established through circumstantial evidence. *Nelson v. State*, 905 S.W.2d 63, 64 (Tex. App.CAmarillo 1995, no pet.). Even if no direct evidence puts the defendant at the scene of the crime, a burglary conviction may rest upon independent evidence that a burglary occurred and the defendant=s possession of recently stolen property without a reasonable explanation. *Id.*; *see also Chavez v. State*, 843 S.W.2d 586, 587-88 (Tex. Crim. App. 1992); *Dimas v. State*, 14 S.W.3d 453, 459 (Tex. App.CBeaumont 2000, pet. ref=d); *Sweeny v. State*, 925 S.W.2d 268, 270-71 (Tex. App.CCorpus Christi 1996, no pet.); *Jones v. State*, 899 S.W.2d 25, 27 (Tex. App.CTyler 1995, no pet.). If a defendant offers an explanation as to his possession of recently stolen property, conviction is proper only if the record shows that the defendant=s explanation is false or unreasonable; the falsity of the explanation may be shown by circumstantial evidence. *Adams v. State*, 552 S.W.2d 812, 815 (Tex. Crim. App. 1977).

Under the theory of parties, a person can be guilty of burglary even though he did not personally enter the burglarized premises if he is acting together with another in the commission of the offense. *Clark v. State*, 543 S.W.2d 125, 127 (Tex. Crim. App. 1976); *Wilkerson v. State*, 874 S.W.2d 127, 129 (Tex. App.CHouston [14th Dist.] 1994, pet. ref=d). A person can be convicted as a party even if the indictment does not charge him as a party. *See Marable v. State*, 85 S.W.3d 287, 292 (Tex. Crim. App. 2002). A person is a party to an offense if, Aacting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.@ Tex. Pen. Code Ann. ' 7.02 (West 1994).

3

M.R. contends that the State did not overcome his explanation that he was merely holding property that his friend Johnny stole. Austin police officer Michael Metcalf testified as follows:

> I asked [M.R.] if he had gone to the Moore=s residence. He did not deny it. He chose to answer that Johnny had done the work. He did not say that he didn=t go there when I asked him about it. He said, AIt was Johnny=s idea. Johnny took the stuff.@

M.R.=s mother said that M.R. never admitted being in Moore=s house; rather, the following exchange occurred:

> Q. And did you ever ask [M.R.] if he went inside the Moore/Turner house?
>
> A. Yes, I did.
>
> Q. What did he tell you?
>
> A. He said he didn=t do it.

There was no direct evidence that M.R. entered Moore=s house. The only testimony placing M.R. at Moore=s house was Metcalf=s testimony about a statement by an occurrence witness that she saw M.R. carrying property from Moore=s house; as discussed below, circumstances indicate that the trial court admitted this testimony only for the purpose of showing why the investigation proceeded as it did, not for the truth of the hearsay statement.

M.R.=s mother also testified that Johnny and another friend had in her home electronic equipment, including a video cassette recorder (AVCR@), that they claimed was theirs and that they were trying to sell. Officer Metcalf testified that M.R. told him that Johnny had some of Moore=s property.

4

Other testimony supported finding that M.R. was a party to the offense. One of Moore=s sons testified that, a few days before the burglary, M.R. saw him get his house key out of his shoe on the patio, and that his key was missing on the day of the burglary. A neighbor testified that, on the afternoon of the burglary, M.R. brought her a VCR claiming it was his and persuaded her to sell it at a pawn shop for him. When Moore=s sons went to retrieve their property from M.R.=s home, M.R. at first denied having their property.

We conclude that the evidence, viewed most favorably to the adjudication, shows that M.R. participated in the burglary, at least as a party. M.R.=s pawning of some of the stolen property, possession of other stolen property, and his initial denial of that possession to the owners, all support a finding that he at least aided in the commission of the burglary.

By his second issue, M.R. contends that he did not receive effective assistance of counsel. Because of the criminal nature of delinquency adjudications, juveniles are entitled to the same reasonably effective counsel that they would have as adults in a criminal proceeding. *In re K.J.O.*, 27 S.W.3d 340, 342 (Tex. App.CDallas 2000, pet. denied). We must determine whether counsel=s performance was deficient and, if so, whether there is a reasonable probability that the result of trial would have been different but for counsel=s deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The appellant must overcome the presumption that his trial counsel=s conduct might be considered to be sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Claims of ineffective assistance of counsel must be affirmatively demonstrated in the record. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Further, we strongly presume that counsel=s conduct lies within

the Awide range of reasonable representation@ and we examine the totality of the representation to determine the effectiveness of counsel. *Id.*

M.R. contends that his counsel was ineffective for failing to object to hearsay testimony by the investigating police officers. M.R. complains about the following exchange during the testimony of Austin police officer Stephanie Reyes, who testified about what witnesses she interviewed:

> A. And the brother who saw the items in his C in [M.R.]=s room and was wondering where they came from.
>
> Q. Uh-huh.
>
> A. And I talked with another relative who said that a Playstation had been sold to him and he was coming to pick it up. He showed up while we were there to pick up this Playstation, which turned out to be the Moore=s Playstation. Then I talked C well, actually, another officer talked with the witness C got witness information who had seen people she identified as [M.R.] coming out of the residence carrying stuff.
>
> Q. Okay.
>
> A. So I just got her witness information from another officer.
>
> Q. So based on that you C y=all determined to arrest [M.R.]?
>
> A. Yes.

M.R. also refers to a page containing testimony from Officer Metcalf in which Metcalf alluded to interviewing a witness. Metcalf testified, AI talked to her in depth about what she saw. However, she failed to contact the detective on what she saw.@ He then testified that based on the information available, he arrested M.R. for burglary of a habitation.

6

These passages do not show that M.R. was harmed by hearsay admitted due to ineffective assistance of counsel. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement. *See* Tex. R. Evid. 801(d). The cited testimony by Metcalf is not hearsay because he did not relate any out-of-court statement. Reyes=s testimony contains hearsay, but the trial court had recently overruled a hearsay objection to similar testimony, stating, AWell, she can testify about why she continued her investigation, so I=ll allow her to testify about that. Not accepting that what this other person told her is truth, just why she=s continuing her investigation.@ The court had ruled similarly during the testimony of previous witnesses. M.R.=s counsel may have determined that repeating the hearsay objection to every question in the State=s inquiry into the investigative process was not sound strategy in a trial to the court under these circumstances. Counsel otherwise participated effectively by interrogating witnesses and raising objections. Looking at the evidence as a whole, we conclude that there is no reasonable probability that the result of trial would have been different but for counsel=s failure to object to the hearsay testimony.

Concluding that sufficient evidence supports the adjudication and that M.R. was not harmed by ineffective counsel, we affirm the adjudication.

Jan P. Patterson

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

7

Filed:   February 27, 2003