# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

**NO. 03-09-00184-CV**

---

**In the Matter of J. A. B.**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. J-29,744, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

The juvenile court found that J.A.B. engaged in delinquent conduct by committing aggravated assault with a deadly weapon and placed him on probation for determinate sentencing. *See* Tex. Fam. Code Ann. § 51.03(a)(1) (West Supp. 2009), § 53.045(a)(6) (West 2008); Tex. Penal Code Ann. § 22.02(a)(2) (West Supp. 2009). J.A.B. contends that the evidence is legally and factually insufficient to support the court's finding that he used a deadly weapon or to support the court's rejection of his self-defense claim. We overrule these contentions and affirm the judgment.

On September 25, 2008, J.A.B. and his father were living with the complainant, Daniel Harrison, in Harrison's apartment. Harrison testified that he became upset with J.A.B., who was sixteen years old, because he would neither work nor go to school. That day, for example, "[J.A.B.] had come and gone several times and then came home around lunchtime and had gotten stoned and taken a long nap for about [an] hour, hour and a half." After J.A.B. woke from his nap, he and Harrison began to argue, and J.A.B. left the apartment.

A few minutes later, Harrison also left the apartment to go to the laundry room. He encountered J.A.B. outside another apartment and words were exchanged. Harrison testified that J.A.B. then "jumped up in my face, [and] I . . . pushed him against the wall." He continued, "That's when he put his fists up. He was really angry after that." Harrison testified, "Well, we were by the stairs going down . . . around the back of the building going to check the laundry. We were throwing punches at each other. Nobody really got hit. It was kind of backing each other up, pushing each other." When the two men reached the laundry room, J.A.B. walked over to a nearby picnic table, and Harrison "thought it was over." Suddenly, however, J.A.B. "came running back up . . . with his fists up." Harrison saw something he could not identify in J.A.B.'s hand. "I got hit here. And I notice[d] it wasn't a punch. . . . And I noticed I was bleeding. So I put my arms up again. He threw one more and it cut me here." Harrison picked up a rock and threw it at J.A.B., who then ran away.

It is undisputed that J.A.B. stabbed Harrison in the neck and forearm with a pocket knife. There was considerable bleeding from the neck wound, and Harrison was briefly hospitalized. J.A.B. was arrested soon after the incident. He cooperated with the police and told them where he had hidden the knife. It was J.A.B.'s contention that he acted in self-defense. Although J.A.B. did not testify, Harrison acknowledged that it was he who initiated the physical contact. When asked if he knew why J.A.B. had attacked him with the knife, Harrison answered, "To defend himself, I guess. I don't know. You'd have to ask him. I haven't a clue."

Adjudications of delinquency are based on the criminal standard of proof. Tex. Fam. Code Ann. § 54.03(f) (West Supp. 2009). Therefore, we review the sufficiency of the evidence by applying the standard applicable to challenges to the sufficiency of the evidence in criminal cases. *In re E.P.*, 963 S.W.2d 191, 193 (Tex. App.—Austin 1998, no pet.). In a legal sufficiency review,

2

we view all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In a factual sufficiency review, we view all the evidence in a neutral light and determine whether the verdict is clearly wrong and manifestly unjust, or if it is against the great weight and preponderance of the available evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

Two definitions govern the outcome of this appeal. "Deadly weapon" means anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. Tex. Penal Code Ann. § 1.07(a)(17)(B) (West Supp. 2009). "Deadly force" means force that is intended or known by the actor to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury. *Id*. § 9.01(3).

The knife J.A.B. used to stab Harrison had a blade that appears from a photograph to be at about two-and-a-half inches long. Although the neck wound did not prove to be serious, it could easily have been so given the location. Viewing all the evidence in the light most favorable to the judgment, the juvenile court could rationally find beyond a reasonable doubt that J.A.B. used and intended to use the knife in a manner that was capable of causing serious bodily injury or death, regardless of whether he actually intended to cause such an injury. *See McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). By the same token, the court could find beyond a reasonable doubt that J.A.B. used and intended to use force that was capable of causing serious bodily injury or death.

A person is justified in using deadly force against another when and to the degree the actor reasonably believes the deadly force is immediately necessary to protect the actor against the

3

other's use or attempted use of unlawful deadly force. Tex. Penal Code Ann. § 9.32(a)(2)(A) (West Supp. 2009). Even if Harrison's shove justified J.A.B. in using force in self-defense, it did not justify J.A.B.'s use of deadly force. We hold that the evidence is legally sufficient to support the juvenile court's finding that J.A.B. used a deadly weapon to cause bodily injury to Harrison, and to support the juvenile court's determination that J.A.B.'s conduct was not justified by self-defense. Points of error one and three are overruled.

There is no evidence that the stabbing was an accident or other than a deliberate act. In fact, J.A.B.'s self-defense claim belies any suggestion that he did not intend to stab Harrison. *See Ex parte Nailor*, 149 S.W.3d 125, 132 (Tex. Crim. App. 2004). Viewing the evidence in a neutral light, the juvenile court's findings that J.A.B. assaulted Harrison with a deadly weapon and that the assault was not justified by self-defense are neither manifestly unjust nor against the great weight and preponderance of the evidence. Points of error two and four are overruled.

The judgment is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton andWaldrop

Affirmed

Filed: May 13, 2010

Do Not Publish

4