**Boris Dale JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 12–93–00180–CR.

Court of Appeals of Texas, Tyler.

April 28, 1995.

Frank W. Henderson, Beaumont, for appellant.

Edward J. Marty, Tyler, for appellee.

RAMEY, Chief Justice.

Appellant, Boris Dale Jones ("Jones"), was convicted by a jury, after a plea of "not guilty," of burglary of a habitation, and his punishment assessed at twenty-eight years' confinement. He brings one point of error on appeal. We will affirm the conviction.

Jones' sole point of error asserts that the evidence was insufficient to establish all the essential elements of burglary of a habitation beyond a reasonable doubt. The standard for reviewing the sufficiency of the evidence is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Cr.App.1989). "The essential elements of burglary are 1) a person 2) without effective consent of the owner 3) enters a habitation or building not open to the public 4) with intent to commit theft." *Mathew v. State*, 839 S.W.2d 110, 111 (Tex. App.—Corpus Christi 1992, no pet.), *citing*, Section 30.02(a), TEX.PENAL CODE.

The complainant, Deidra Osborne ("Osborne") testified that she returned home from work on the afternoon of May 11, 1992, to find her house broken into and certain items missing, among them a Nintendo game, a portable cassette player belonging to her uncle, and some jewelry. She reported the incident to the police, then spoke with a neighbor, Armando Correa ("Correa"), who told her that he had seen two African–American males at her home at or near a truck. Though Correa did not see the individuals well enough to identify them, he was able to give Osborne a description of the truck. Later that same afternoon she saw a truck in

her grandmother's driveway matching the description of the truck described by Correa. Jones, then unknown to Osborne, was in the driver's seat, with an unknown female sitting in the cab with him. A third person, standing beside the truck, Osborne recognized as the brother of a person dating her cousin. She walked up to the truck and saw that it contained some of her missing property and that an attempt was being made to sell it. She told the three that the property was hers; Jones and the other male said nothing to explain their possession of the property. Osborne then entered her grandmother's house and again called the police.

Where there is no direct evidence placing a defendant at the crime scene, a conviction for burglary may rest upon the defendant having been "found in possession of recently stolen property without offering an explanation inconsistent with guilt when first called upon directly or circumstantially to do so." *Chavez v. State*, 843 S.W.2d 586, 587 (Tex.Cr.App.1992). It is necessary, when drawing such an inference, that the defendant's possession of the stolen property be recent and unexplained, with a distinct and conscious assertion of a right to the stolen property by the possessor. *Ellis v. State*, 691 S.W.2d 799, 800 (Tex.App.—Houston [1st Dist.] 1985, no writ). The evidence will be insufficient to sustain the conviction, however, if the defendant offers a reasonable explanation of his possession and that explanation is not shown to be false. *Ibid.*

Here, Jones was found in possession of the missing property on the same day that it was taken. Confronted with Osborne's claim that the property was hers, he offered no explanation of his possession consistent with innocence, nor did he offer to return it. The jury was entitled to rely on the belief that "persons acquiring property honestly ... are typically willing to explain how they came by it." *Chavez v. State*, 843 S.W.2d 586, 588 (Tex.Cr.App., 1992).

Jones argues that the jury could not have legitimately made the above inference because his possession of the property was not exclusive possession, but was shared with the two individuals with him when confronted by Osborne. In support of this argument he cites *England v. State*, 727 S.W.2d 810, 811 (Tex.App.—Austin 1987, no pet.):

> An inference of guilt of burglary based on the accused's *personal* possession of stolen goods has not been raised where the stolen property was found in a place where others had an equal right and facility of access.

But the *England* case is distinguishable because there the property was found, not on the accused's person, but in a remote location—a common attic—to which others might have had access. Here, the proof of possession was not based on the property's having been found in a place to which Jones, and Jones alone, had access; it was found with him, in plain sight, though others were present. In relying on evidence of this type to infer culpability for burglary, "... the requirement of possession may be satisfied even though joint." *Robinson v. State*, 658 S.W.2d 779, 781 (Tex.App.—Beaumont 1983, no pet.).

A more analogous case is *Ross v. State*, 463 S.W.2d 190 (Tex.Cr.App.1971), in which the accused was stopped while driving a car with two passengers. Stolen items were discovered in the car's trunk, and the argument was made that the *non-exclusive* possession of the stolen items prohibited an inference of guilt from their unexplained possession. The court, however, held that evidence of more than one person "working together and exercising joint control and possession of the stolen clothes," *Ibid.* at 191, was no impediment to the inference that such persons were guilty of burglary. Similarly, in the present case, the jury was entitled to infer that the two men in possession of the property were the same two who took it from Osborne's residence earlier that day, since the vehicle they were driving matched the description of the vehicle seen earlier 'that day during the commission of the burglary.

Jones' point of error is overruled. The judgment of the court below is affirmed.