# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00212-CR

**James Robert Miller, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 9014218, HONORABLE JON WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from a felony conviction for burglary of a habitation.[1] Appellant James Robert Miller was found guilty by a jury, and punishment, enhanced by prior convictions,[2] was assessed by the court at thirty years= imprisonment. Miller challenges his conviction because (1) there was insufficient evidence to support the jury=s finding of guilt, and (2) the court should have granted Miller=s motion for directed verdict. We affirm the conviction.

## FACTUAL BACKGROUND

---

[1] *See* Tex. Pen. Code Ann. ' 30.02 (West Supp. 2003).

[2] Miller was previously convicted of burglary of another habitation, rape, burglary of a structure, grand theft, and escape.

Carol Lindsey=s home in Austin was burglarized on the evening of July 29, 2001. She testified that she left her home at approximately 6:00 p.m. and returned about 10:00 p.m. and discovered that her home had been burglarized. The property taken in the burglary included a Dell laptop computer, a mountain bicycle, two televisions, a jewelry box, and two cordless telephones. She discovered that a window pane in her back door was broken and a previously locked door was pried open. There were pry, scratch and gouge marks on the doors indicating forced entry. After calling the police, she left and stayed the night at a friend=s house. Ms. Lindsey testified that she was a real estate agent and kept most of her business files on her computer.

Officer Raymond Lopez testified that about 12:20 a.m. on July 30, 2001, while on routine patrol, he saw a pickup truck containing two men and a woman parked along a poorly lighted street in a wooded area of Austin. He saw one of the occupants throw something out the window, so he approached the vehicle to investigate. The three occupants denied having identification. Appellant, a passenger, told the officer that the truck belonged to his girlfriend, Kathy Smith. The officer noticed that the air bags in the vehicle had been deployed and repositioned and held in place with duct tape. He checked and the vehicle was registered to a Robin Rostetter, but it had not been reported stolen. He asked the occupants to produce documentation that the vehicle belonged to Kathy Smith, which they were unable to do.

At that point, Officer Lopez asked to search the vehicle. The driver, Howard Hill, agreed to the search and neither the female passenger, Terrie Hanshew, nor appellant objected. Officer Lopez frisked and handcuffed the three. Appellant was found to be carrying a large flat-tipped screwdriver. Upon searching the vehicle, Officer Lopez found three or four screwdrivers, an ice pick, and several wire hangers

2

that had been cut, hammered and flattened. Behind the seat on the passenger=s side, he found a Dell laptop computer, two cordless telephones, and two beepers. Appellant claimed that all of the items belonged to Kathy Smith.

Officer Lopez turned on the computer and opened its operating program. In the Adocuments@ file of the computer, he found various documents regarding Carol Lindsey, along with her home address. The officer placed a telephone call to Carol Lindsey but was unable to reach her. He released the three because he had no proof that the items were stolen. However, he impounded the vehicle and other items until their ownership could be established. Officer Lopez noticed that the three were not at all upset that he kept the property. Later, Officer Lopez learned a burglary had been reported at the home address listed on the computer within two hours of his stopping appellant and his companions. Arrest warrants issued for the three individuals.

On July 30, patrol officers spotted the three downtown in the 600 block of Brazos Street. Officer Christopher Bealand testified that he arrested appellant, Hill, and Hanshew, and found hand tools on both males. Appellant had tin snips, a screwdriver, and a crescent wrench. Hill had pliers and a screwdriver in his back pocket. They were also in possession of a white duffle bag containing a tool box.

Detective Joseph Lucas testified that he took the Dell laptop computer and the two cordless telephones, which were found in the pickup truck in which appellant was riding, to Carol Lindsey. She identified the items as having been taken from her home in the burglary.

Hill testified on behalf of the State. He said that he helped appellant burglarize Lindsey=s house sometime between 4:00 p.m. and 6:00 p.m. on July 29, 2001. He said that he drove a Mazda

3

pickup truck, which he thought belonged to appellant=s girlfriend, a woman named Kathy Smith. Hill testified that the three drove around the Lamar/24th Street neighborhood and spotted the house in question. Hill said that while he and his girlfriend, Hanshew, stayed in the pickup, appellant went to the back of the house. Hill then heard a loud pop sound like wood being scraped. Three minutes later, Hill said, appellant came around the corner of the house riding a bicycle which he put in the back of the truck. Hill testified that appellant then got into the truck and instructed him to back the pickup into the driveway. Appellant went back into the house and emerged again Awith other stuff,@ which he loaded into the truck. Some of the items, like a laptop computer and two telephones, appellant placed behind the seat on the passenger=s side of the truck. Hill testified that the three then sold the bicycle and television sets. He admitted that he received a portion of the money from the sale of those items.

Hill admitted on cross-examination that he previously had committed felonies such as engaging in organized crime, several burglaries of a vehicle, theft, and possession of a controlled substance. He conceded that he was testifying pursuant to a plea bargain agreement under which, in return for his testimony, he was given only a five-year sentence for the burglary offense instead of the twenty-five to ninety-nine years he was eligible for as a result of his previous felony convictions. On redirect, Hill testified that he was not eager to give this testimony because he was concerned about having to Awatch his back in prison.@

The only defense witness was Robert Ciak, an alibi witness. He testified that he was with appellant on July 29, 2001. On direct examination, he testified that he was a good friend of appellant=s and had known him two or three years. On the day in question, he testified that he had gone to church at the

Salvation Army, went home and changed clothes, ate breakfast and met up with appellant at approximately 10:15 a.m. He said that appellant remained in his company throughout the day and evening. Ciak said that the two rode the bus and went to Zilker Park and visited the oriental gardens for three or four hours. Thereafter, he said they went bar-hopping on Sixth Street. Ciak said that he left appellant=s company at 9:48 p.m. because he had to be at a friend=s house by ten o=clock. He testified that appellant left in a small pickup truck with Hill and a woman. Ciak testified that appellant had been with him the entire day.

Ciak testified that he was unaware of appellant=s past or the fact that appellant had been in prison. Ciak said that as long as he had known him appellant had never done anything Abad@ and that appellant was not Athat kind of person.@ At the time of the burglary in question, Ciak and appellant shared an apartment. Ciak testified that when appellant did not come home for several days Ciak called the police department and learned that appellant was in jail for burglary.

Ciak was asked why he did not tell the police that he could vouch for appellant=s whereabouts at the time of the burglary when he called them. He said that it just did not occur to him to do that. Although appellant was in jail in the meanwhile, Ciak said that he Afigured [he would] wait till [appellant] comes to court so [Ciak could] talk to his attorney.@ On cross-examination, Ciak admitted that he visited appellant in jail several times. Ciak admitted that he was convicted of theft six different times, and that he had been in prison from 1995 to 1998.

## DISCUSSION

On appeal, appellant brings two points of error, complaining that: (1) there was legally insufficient evidence to convict him; and (2) his motion for directed verdict should have been granted.

Complaints regarding a motion for directed verdict are treated as complaints about the legal sufficiency of the evidence to support the conviction. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996); *Grayson v. State*, 82 S.W.3d 357, 358 (Tex. App.CAustin 2001, no pet.). Both of his points essentially attack the credibility of his accomplice, Howard Hill.

**Sufficiency of Evidence**

Appellant argues that because of Hill=s criminal history no rational trier of fact could have found him guilty beyond a reasonable doubt. Appellant contends that the plea bargain Hill struck with prosecutors by which he reduced his punishment to only five years was a powerful incentive for him to fabricate his testimony implicating appellant. When compared to Ciak=s testimony, appellant argues that Hill=s story is not credible. Although Ciak himself had a long criminal background, appellant argues that Ciak had no incentive to lie and was therefore more credible than Hill.

In reviewing the legal sufficiency of the evidence, we consider all the evidence in a light most favorable to the verdict and determine whether a rational trier of fact could have found all the elements of the offense[3] beyond a reasonable doubt. *Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998); *Millslagle v. State*, 81 S.W.3d 895, 897 (Tex. App.CAustin 2002, no pet.).

---

[3] The elements of the offense of burglary of a habitation are (1) entering a habitation, (2) without the effective consent of the owner, and (3) with intent to commit felony theft. *See Lopez v. State*, 884 S.W.2d 918, 920 (Tex. App.CAustin 1994, pet. ref=d).

Even if one disregards the testimony of both Ciak and Hill, there is still ample evidence in the record establishing beyond a reasonable doubt that appellant committed this burglary. Appellant was found with Lindsey=s Dell laptop computer and cordless telephones behind the seat of the truck he was in shortly after the burglary. The physical evidence at the scene showed that the method of entry into Lindsey=s home was consistent with the hand tools found on appellant shortly after the burglary. Appellant lied to the police officer about the ownership of the truck, the computer, and the two cordless telephones.

The offense of burglary may be established through circumstantial evidence. *Nelson v. State*, 905 S.W.2d 63, 64 (Tex. App.CAmarillo 1995, no pet.). A rational jury could have disregarded both Hill and Ciak=s testimony and convicted appellant based solely on the strong physical evidence and the testimony of the police officers involved. Regardless of the lack of direct evidence placing appellant at the scene of the crime, a burglary conviction may rest upon independent evidence that a burglary occurred and the defendant=s possession of recently stolen property without a reasonable explanation. *See*, *e.g.*, *Chavez v. State*, 843 S.W.2d 586, 587-88 (Tex. Crim. App. 1992); *Dimas v. State*, 14 S.W.3d 453, 459 (Tex. App.CBeaumont 2000, pet. ref=d); *Sweeney v. State*, 925 S.W.2d 268, 270-71 (Tex. App.CCorpus Christi 1996, no pet.); *Price v. State*, 902 S.W.2d 677, 680 (Tex. App.C1995, no pet.); *Jones v. State*, 899 S.W.2d 25, 27 (Tex. App.CTyler 1995, no pet.).

Furthermore, there were substantial reasons why a rational jury could choose to believe Hill=s testimony over Ciak=s. Hill=s testimony was consistent with the physical evidence; Ciak=s was not. While Hill did receive a reduced sentence in return for his testimony, there was also evidence that he faced potential recriminations in prison as a consequence.

**7**

Moreover, Ciak=s testimony was impeached in several respects. The prosecution showed that Ciak and appellant could not have been friends as long as Ciak claimed because both had been in prison for most of the time that Ciak said he was appellant=s roommate. A jury could have concluded that Ciak=s testimony that he was unaware of appellant=s criminal background was not credible. Finally, the fact that Ciak did not come forward with his alibi testimony until trial, even though his friend was in jail and he had discussed the case with the police a few days after the offense, undermines his credibility. Resolving conflicts in the evidence is exclusively the province of the jury. *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). There is sufficient evidence for any rational trier of fact to find appellant guilty of burglary of a habitation beyond a reasonable doubt. Appellant=s first point of error is overruled.

**Directed Verdict**

By his second point, appellant asserts that the trial court erred in denying his motion for directed verdict because the testimony of Hill was not credible and, Atherefore, the burglary of a habitation was not proved.@ In light of the physical evidence establishing appellant=s guilt, we overrule his legal sufficiency challenge for the reasons indicated above.

**CONCLUSION**

The judgment of the trial court is affirmed.

Jan P. Patterson, Justice

8

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   February 6, 2003

Do Not Publish