NO. 07-03-0503-CR


 07-03-0504-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 24, 2004



______________________________




RYNELL JAMES HULIN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NOS. 13,298-A, 13,776-A; HONORABLE HAL MINER, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

MEMORANDUM OPINION


 Appellant Rynell James Hulin filed a Motion to Dismiss Appeal on March 19, 2004,
averring that he no longer wishes to prosecute his appeals. The Motion to Dismiss is
signed by both appellant and his attorney. 

 Without passing on the merits of the case, appellant's motion for voluntary dismissal
is granted and the appeals are hereby dismissed. Tex. R. App. P. 42.2. Having dismissed
the appeals at appellant's personal request, no motion for rehearing will be entertained and
our mandates will issue forthwith. 



 Phil Johnson

 Chief Justice












Do not publish.



he car in which he was riding was stopped by the police and the time
that two witnesses to the burglary arrived to identify the burglars. The witnesses could not
and did not identify appellant as one of the men committing the burglary. 

 The Sixth Amendment right to counsel attaches only at or after the time that
adversary judicial proceedings have been initiated. Griffith v. State, 55 S.W.3d 598, 603
(Tex.Crim.App. 2001); Guidry v. State, 9 S.W.3d 133, 142 (Tex.Crim.App. 1999). In this
case, appellant's Sixth Amendment right to counsel had not yet attached because the
State had not initiated any adversarial judicial proceedings against appellant. Moreover,
even if appellant had been entitled to counsel, the denial of counsel was harmless because
the witnesses did not identify appellant or connect him with the crime. See Tex. R. App.
P. 44.2. (2) Appellant's first issue is overruled. ISSUE 2: INEFFECTIVE ASSISTANCE OF COUNSEL

 Appellant's second issue asserts that his trial counsel was ineffective. He bases his
issue on counsel's failures to (1) challenge appellant's arrest, the search of and seizure of
evidence from the vehicle after it was stopped by the police, and counsel's failure to file a
motion to suppress the evidence seized from the vehicle; (2) interview and produce
witnesses favorable to appellant; and (3) effectively cross-examine a State's witness. 

 We are obligated to follow United States Supreme Court precedent on matters of
federal constitutional law. Hernandez v. State, 988 S.W.2d 770, 771 (Tex.Crim.App.
1999). When confronted with an ineffective assistance of counsel claim, we apply the
two-pronged analysis set forth by the United States Supreme Court in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v.
State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (adopting Strickland as applicable
standard under the Texas Constitution).

 Under the first prong of the Strickland test, an appellant must show that counsel's
performance was "deficient." Strickland, 466 U.S. at 687. To be successful in this regard,
an appellant "must show that counsel's representation fell below an objective standard of
reasonableness." Id. at 688. Under the second prong, an appellant must show that the
deficient performance prejudiced the defense. Id. at 687. Appellant must prove both
prongs of Strickland by a preponderance of the evidence in order to prevail. Tong v. State,
25 S.W.3d 707, 712 (Tex.Crim.App. 2000); McFarland v. State, 845 S.W.2d 824, 842
(Tex.Crim.App. 1992).

 Under the Strickland test, the defendant bears the burden of proving ineffective
assistance. In addition, when reviewing a claim of ineffective assistance, a court must
indulge a strong presumption that counsel's conduct falls within the wide range of
reasonable professional assistance; that is, the defendant must overcome the presumption
that, under the circumstances, the challenged action "might be considered sound trial
strategy." Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). Any allegation
of ineffective assistance of counsel must be firmly supported in the record. McFarland v.
State, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996). Failure to make the required showing
of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. 
Id. 

 In order to prevail on a claim that trial counsel was ineffective for failure to file a
motion to suppress, the record must affirmatively prove appellant's motion to suppress
would have been granted. Jackson v. State, 973 S.W.2d 954, 957 (Tex.Crim.App. 1998). 
Even assuming, arguendo, that both appellant's arrest and the search and seizure of the
vehicle were illegal, appellant lacked standing to challenge the search and seizure of the
vehicle. Hughes v. State, 24 S.W.3d 833, 838 (Tex.Crim.App. 2000). Accordingly,
appellant has failed to demonstrate that a motion to suppress the evidence in question
would have been granted and that his trial counsel was ineffective for failing to file such a
motion.

 Appellant also argues that his trial counsel was ineffective for failing to interview and 
produce at trial certain witnesses. First, we note that appellant's claim that his trial counsel
failed to interview his proposed witnesses is not supported by the record. Second, trial
counsel's failure to call witnesses is irrelevant absent a showing that such witnesses were
available and that the appellant would have benefitted from their testimony. Bates v. State,
88 S.W.3d 724, 728 (Tex.App.--Tyler 2002, pet. ref'd); Parmer v. State, 38 S.W.3d 661,
668 (Tex.App.--Austin 2000, pet. ref'd). Appellant has not asserted or made a showing
that his proposed witnesses would have been available. Furthermore, while appellant
asserts that he would have benefitted from the witnesses' testimony, there is no support
for such an assertion in the record before us. 

 Finally, appellant argues that trial counsel was ineffective for failing to effectively
cross-examine a State's witness, Loraine Sierra. Appellant argues that because most of
the stolen property was found in Sierra's residence, an effective cross-examination would
have demonstrated that Sierra was in fact an accomplice to the crime who implicated
appellant only for the purpose of exonerating herself.

 The cross-examination of witnesses is inherently based on trial strategy. Tutt v.
State, 940 S.W.2d 114, 121 (Tex.App.--Tyler 1996, pet. ref'd). Appellant's trial counsel
conducted a vigorous cross-examination of Sierra, effectively highlighting differences
between her statements to police and her testimony at trial, thus raising an issue regarding
the credibility of her testimony. Moreover, even if Sierra had been an accomplice to the
crime, appellant fails to suggest questions his trial counsel should have asked that would
have led to evidence exculpating appellant. Therefore, appellant fails to overcome the
presumption that trial counsel's cross-examination of Sierra constituted anything less than
sound trial strategy. Under these circumstances, we will defer to trial counsel. Bernal v.
State, 930 S.W.2d 636, 641 (Tex.App.--Corpus Christi 1996, pet. ref'd). Appellant's
second issue is overruled.

ISSUE 3: TRIAL COUNSEL APPELLANT

DID NOT APPROVE OF


 Issue three alleges error by the trial court in forcing appellant to proceed during the
guilt-innocence phase of trial with his appointed counsel after appellant had requested a
change of counsel and had shown that appellant and his counsel were not on good terms.

 An indigent defendant does not have a right to appointed counsel of his own
choosing. Buntion v. Harmon, 827 S.W.2d 945, 949 (Tex.Crim.App. 1992); Dunn v. State,
819 S.W.2d 510, 520 (Tex.Crim.App. 1991). A request for change in counsel cannot be
made so as to obstruct the orderly procedure in the courts or to interfere with the fair
administration of justice. Burgess v. State, 816 S.W.2d 424, 428 (Tex.Crim.App. 1991). 
When a defendant makes an eleventh hour request for change of counsel, the trial court
has three options. First, at its discretion the court can appoint, or allow the defendant to
retain, new counsel. Id. Second, should the trial court deny new counsel, and the accused
unequivocally asserts his right to self-representation after proper admonishment, the court
must allow the defendant to represent himself. Id. at 428-29. Third, unless the trial court
allows new counsel, it must compel an accused who will not waive counsel and does not
assert his right to self-representation to proceed to trial with the lawyer he has, whether he
wants to or not. Id. at 429.

 During the hearing on appellant's motion to discharge counsel, appellant stated that
he wanted to be represented by legal counsel; he did not want to represent himself. 
However, there was no showing by appellant that he had either retained counsel of his own
choosing and that said counsel would be ready to try the case, or that a newly appointed
attorney would be more prepared to try the case than his current attorney. Appellant
presented no reason for the trial court to believe that appointing new counsel would result
in anything other than the obstruction of orderly procedure and the fair administration of
justice. Therefore, the trial court did not abuse its discretion in compelling appellant to
proceed to trial with his appointed attorney. Appellant's third issue is overruled.

ISSUE 4: APPELLANT'S CHOICE TO PROCEED PRO SE 

OR ACCEPT APPOINTED COUNSEL DURING PUNISHMENT


 Issue four complains that the trial court erred by forcing appellant to choose
between proceeding pro se or being represented by his appointed counsel during the
punishment phase of trial. Appellant asserts that the choice to waive counsel and proceed
pro se was involuntary.

 The Sixth Amendment to the United States Constitution provides that in criminal
prosecutions the defendant enjoys the right to have the assistance of counsel for his
defense. U.S. CONST. amend. VI. A defendant may waive the right to counsel and
represent himself or herself. See Faretta v. California, 422 U.S. 806, 819-20, 95 S.Ct.
2525, 2532, 45 L.Ed.2d 562 (1975). A defendant has the right to self-representation. See
id. at 819-20; Funderburg v. State, 717 S.W.2d 637, 641 (Tex.Crim.App. 1986). In order
to properly assert the right to self-representation, the defendant must knowingly and
intelligently waive the right to counsel, after being made aware of the dangers and
disadvantages of doing so. See id. 

 Appellant filed a pro se motion to discharge his counsel before trial. The trial court
heard the motion, advised appellant of his right to proceed pro se and represent himself,
and admonished appellant of the perils of self-representation. Appellant thought better of
the matter and chose to go to trial being represented by counsel. 

 After he was found guilty by a jury, appellant re-urged his motion to discharge trial
counsel. Before the punishment hearing began, a lengthy discussion took place between
the trial judge and appellant during which the trial court again assured appellant that he
had the right to represent himself, but also fully admonished appellant of the pitfalls of
doing so. A fair reading of the record indicates that appellant clearly understood his right
of self-representation and the hazards of doing so. When the trial judge asked him "So,
the question remains, Mr. Cordero, do you wish to proceed pro se?", appellant responded:
"Yes, sir."

 The record reflects that appellant knowingly and intelligently made his decision to
proceed without being represented by counsel (3) with a full understanding of his right to self-representation and the hazards of representing himself. He also clearly and unequivocally
asserted his right to proceed pro se. We overrule issue four.

ISSUE 5: DENIAL OF JURY FOR PUNISHMENT PHASE 

 By issue five, appellant asserts that the trial court erred by denying his right to trial
by jury in the punishment phase of trial. Appellant further asserts that his trial counsel was
ineffective in failing to file a written election to have the jury assess punishment.

 It is the duty of the trial judge to assess punishment unless the accused timely files
a written election to have the jury assess punishment. Tex. Code Crim. P. Ann. art.
37.07(2)(b) (Vernon Supp. 2003); Toney v. State, 586 S.W.2d 856, 858 (Tex.Crim.App.
1979); Gibson v. State, 549 S.W.2d 741, 742 (Tex.Crim.App. 1977). There is no evidence
in the record that appellant ever filed such an election. Therefore, the trial judge did not
err in assessing appellant's punishment. Pine v. State, 889 S.W.2d 625, 634 (Tex.App.--Houston [14th Dist.] 1994, pet. ref'd). Moreover, the only time the issue was raised by
appellant was after the State closed its evidence at the punishment phase of trial and
appellant told the trial court that he had no evidence to present. Even at that late date,
appellant did not object or assert constitutional or other type of error and obtain a ruling
from the trial court. To preserve error for appellate review, the complaining party must
make a timely objection specifying the grounds for the objection, if the grounds are not
apparent from the context; the objection must be made at the earliest possible opportunity;
the complaining party must obtain an adverse ruling from the trial court; and the issue on
appeal must correspond to the objection made at trial. See Dixon v. State, 2 S.W.3d 263,
265 (Tex.Crim.App. 1998). Appellant did not preserve error. 

 Regarding appellant's claim that his trial counsel was ineffective for failing to file a
written election, appellant has failed to cite any authority to support his argument. Failure
to adequately brief the argument and provide authority to support a particular issue waives
the complaint. See Lawton v. State, 913 S.W.2d 542, 558 (Tex.Crim.App. 1995). And, as
we have previously noted, we must indulge a strong presumption that counsel's conduct
falls within the wide range of reasonable professional assistance; that is, the defendant
must overcome the presumption that, under the circumstances, the challenged action
"might be considered sound trial strategy." See Jackson, 877 S.W.2d at 771. Any
allegation of ineffective assistance of counsel must be firmly supported in the record. 
McFarland, 928 S.W.2d at 500. Appellant's failure to make the required showing of either
deficient performance or sufficient prejudice defeats the ineffectiveness claim. Id. We
overrule issue five.

ISSUE 6: SUFFICIENCY OF THE EVIDENCE

 Issue six urges that the evidence was legally and factually insufficient to support
conviction. Appellant argues that the evidence was legally and factually insufficient to
prove that appellant was in "knowing possession" of the stolen property.

 The evidence is legally sufficient if, after viewing the evidence in the light most
favorable to the prosecution, a rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99
S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Clewis v. State, 922 S.W.2d 126, 132
(Tex.Crim.App. 1996). All the evidence is reviewed, but evidence that does not support
the verdict is disregarded. See, e.g., Chambers v. State, 805 S.W.2d 459, 461
(Tex.Crim.App. 1991).

 If the evidence is legally sufficient to support the verdict, we then review the factual
sufficiency challenge if one is properly raised. See Clewis, 922 S.W.2d at 133. A factual
sufficiency review of the evidence begins with the presumption that the evidence
supporting the jury's verdict was legally sufficient under the Jackson test. Id. at 134.
Factual sufficiency review is accomplished without viewing the evidence through the prism
of "in the light most favorable to the prosecution." Id. The evidence is factually sufficient
to support the verdict if the verdict is not so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Id.

 To sustain a conviction for burglary, the evidence must show that the defendant
recently possessed stolen property and that possession (1) was personal to the defendant,
(2) was recent, (3) was unexplained, and (4) involved a distinct and conscious assertion
of a right to the property by the defendant. Rodriguez v. State, 549 S.W.2d 747, 749
(Tex.Crim.App. 1977). The evidence does not raise an inference of guilt of burglary based
solely on the defendant's personal possession of stolen goods where the police find the
stolen property in a place where others have an equal right and facility of access. Vasquez
v. State, 804 S.W.2d 606, 610 (Tex.App.--Dallas 1991, no pet.); England v. State, 727
S.W.2d 810, 811 (Tex.App.--Austin 1987, no pet.). When a defendant is a passenger in
a vehicle containing stolen property, possession may be proved by the defendant's
presence in the vehicle plus other evidence showing the defendant's knowledge of the
presence of stolen property. Nickerson v. State, 810 S.W.2d 398, 400-01 (Tex.Crim.App.
1991); Jones v. State, 899 S.W.2d 25, 27 (Tex.App.--Tyler 1995, no pet.). 

 Appellant was a passenger in the vehicle when it was stopped by the police
approximately two hours after the burglary apparently occurred. The vehicle's driver and
the other passenger were identified by two witnesses as the suspects who had been
observed in the vicinity of the victim's residence stuffing items into the vehicle. The
witnesses also observed a third person inside the vehicle at the time of the apparent
burglary, driving it, but they could not identify appellant as that person. The vehicle
matched the description of the vehicle observed by the witnesses, including a matching
license plate. Appellant's fingerprints were later discovered on two of the items of stolen
property that police found in the vehicle. 

 Between the time when the burglary occurred and the time the vehicle was stopped
by police, appellant and the two other suspects stopped at Loraine Sierra's apartment. In
a statement to police, Sierra said that appellant told her that the stolen items were his
property. At trial, Sierra affirmed that statement, and added that appellant also said that
they could pawn some of the items for money.

 Appellant presented one witness, his girlfriend, Robin Cain. She testified that
appellant was with her at her house at the time the burglary apparently occurred, thereby
providing an alibi for appellant.

 In addition to appellant's presence in the vehicle, other evidence exists which tends
to demonstrate appellant's knowledge of the presence of stolen property, including
appellant's fingerprints which were discovered on some of the stolen items, and Sierra's
trial testimony. Viewing the evidence in the light most favorable to the prosecution, we find
the evidence legally sufficient to support the jury's verdict.

 Regarding the question of factual sufficiency, we find that the verdict is not so
contrary to the overwhelming weight of the evidence as to be wrong and unjust. In so
finding we note that the jury as the fact finder is the sole judge of the weight and credibility
to be given to witness testimony. Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000). 
The jury may believe or disbelieve the testimony of any witness, Penagraph v. State, 623
S.W.2d 341, 343 (Tex.Crim.App. 1981), including that of an alibi witness. Garza v. State,
82 S.W.3d 791, 793 (Tex.App.--Corpus Christi 2002, no pet.). Thus, the jury could have
chosen to disbelieve Ms. Cain's testimony. This court must defer to their finding. Cain v.
State, 958 S.W.2d 404, 409 (Tex.Crim.App. 1997). The evidence is factually sufficient to
support the verdict. Appellant's sixth issue is overruled.

ISSUE 7: INSUFFICIENT TIME BETWEEN INDICTMENT 

AND ARRAIGNMENT

 Appellant's seventh issue complains that he was served with the indictment on
January 19, 2000, and was arraigned on January 20, 2000. He complains that his
arraignment on January 20th was in violation of Tex. Code Crim. P. Ann. art. 26.03 (Vernon
1989), which provides that no arraignment shall take place until the expiration of at least
two entire days after the date on which a copy of the indictment was served on the
defendant unless the right to the copy or to the delay is waived, or unless the defendant
is on bail. Appellant claims that his family was attempting to retain private counsel at the
time he was arraigned, and that the early arraignment and "thrusting on" him of court
appointed counsel was prejudicial to him in that he was not given opportunity to obtain
counsel. 

 Appellant did not preserve error by timely objection. See TRAP 33.1; Dixon, 2
S.W.3d at 265. Moreover, his trial began on April 24, 2000. Appellant had not retained
counsel at the time trial began over three months after his arraignment. The record shows
that he had opportunity to obtain counsel other than appointed counsel. The arraignment
in violation of Article 26.03 was harmless. See TRAP 44.2(b). Issue seven is overruled. CONCLUSION

 Having overruled appellant's seven issues, we affirm the judgment. 


 Phil Johnson

 Chief Justice



Do not publish. 

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. A rule of appellate procedure will be referred to as "TRAP_" hereafter. 
3. The trial court designated appellant's discharged counsel as standby counsel for
the punishment hearing. Thus, counsel was available to appellant, even after his choice
to represent himself.