ACCEPTED
06-14-00222-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
2/26/2015 2:05:46 PM
DEBBIE AUTREY
CLERK

No. 06-14-00222-CR

IN THE

COURT OF APPEALS

FOR THE SIXTH SUPREME

JUDICIAL DISTRICT OF TEXAS

TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
2/26/2015 2:05:46 PM
DEBBIE AUTREY
Clerk

TAMMY KAY TAYLOR, Appellant

v.

THE STATE OF TEXAS, Appellee

Appealed in Cause No. 1423993

8th Judicial District Court of Hopkins County, Texas

APPELLEE'S BRIEF

By:/s/ Nicholas C. Harrison

Nicholas C. Harrison

Assistant District Attorney

State Bar No 24062768

P.O. Box 882

Sulphur Springs, Texas 75483

(903) 885-0641

# TABLE OF CONTENTS

**TABLE OF CONTENTS**     **3**

**TABLE OF AUTHORITIES**     **4**

**SUMMARY OF THE ARGUMENT**     **5**

**ARGUMENT AND AUTHORITIES**     **5**

**STANDARD OF REVIEW**     **5**

**I.   The trial court did not err in admitting an extraneous offense.**     **5**

**II.  Any error in admitting the extraneous offense was harmless.**     **8**

**III. The trial court did not make a <u>Hardesty</u> inference finding.**     **9**

**IV. Even if the trial court made such a finding, it would not be error.**     **11**

**PRAYER FOR RELIEF**     **13**

**CERTIFICATE OF SERVICE**     **14**

# TABLE OF AUTHORITIES

**Cases**

*Guzman v. State, 955 S.W.2d 85* (Tex.Crim.App. 1997)............................................5

*Higginbotham v. State, 356 S.W.3d 584* (Tex.App. - Texarkana 2011)....................7

*Johnson v. State, 967 S.W.2d 410* (Tex.Crim.App. 1998)......................................8

*Morales v. State, 32 S.W.3d 862* (Tex.Crim.App. 2000)..........................................9

*Hardesty v. State, 656 S.W.2d 73* (Tex.Crim.App. 1983)........................................9

*Pardee v. State, 2012 Tex. App. LEXIS 6823* (Tex.App. - Texarkana 2012) ..........11

*Jones v. State, 899 S.W.2d 25* (Tex.App. - Tyler 1995) ..........................................11

**Rules**

Texas Penal Code 31.03(c)(1); ...............................................................................6

Texas Rule of Evidence 404(b); ..............................................................................7

Texas Rule of Appellate Procedure 44.2(b); ...........................................................8

## SUMMARY OF THE ARGUMENT

During the bench trial, the court sitting as fact finder did not err in admitting testimony concerning an extraneous offense, since it was proven beyond a reasonable doubt. Even if it was error to admit the extraneous offense testimony, the error was harmless. The trial court did not make a Hardesty inference finding, but only considered the State's arguments along with the evidence. Had the trial court made such a finding, it would not have been error anyway.

## ARGUMENT AND AUTHORITIES

Applicant presents two issues for review: (1) Whether it was harmful error for the trial court to admit testimony of an extraneous offense and (2) Whether the trial court committed harmful error by making a "Hardesty inference" finding.

## STANDARD OF REVIEW

Evidentiary rulings are reviewed under an abuse of discretion standard. Guzman v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997).

**I.     During the bench trial, the court sitting as fact finder did not err in admitting testimony concerning an extraneous offense, since it was proven beyond a reasonable doubt.**

During its case-in-chief, the State admitted testimony pursuant to Texas Penal Code 31.03(c)(1). This provides that "evidence that the actor has previously participated in recent transactions other than, but similar to, that which the prosecution is based is admissible for the purpose of showing knowledge or intent and the issues of knowledge or intent are raised by the actor's plea of not guilty."

Specifically, the State called as a witness Mr. Rupinderjit Singh, the Appellant's former employer. (R.R. Vol. III, pg. 182-191). Mr. Singh testified that he owned a Family Mart convenience store in Hopkins County, Texas, and he hired Appellant as a cashier before promoting her to store manager. Appellant worked for him during August 2013, and she was the only person besides Mr. Singh with access to his office. Mr. Singh testified that Appellant knew that he would be out of town on August 27, 2013, and he had been gone for four or five days before that date. On August 27, at approximately 4 a.m. Appellant entered Mr. Singh's office and stole approximately $4000 in cash. She then failed to report for her usual morning shift and stopped taking Mr. Singh's phone calls. At no point prior to the theft had Appellant failed to return Mr. Singh's calls.

The State acknowledges that Mr. Singh was not physically present in the store during Appellant's theft, as of course was her plan. The admissibility of Mr. Singh's testimony is based on a theft statute provision which operates much like

Texas Rule of Evidence 404(b): the prior act is not admissible to prove character, but to prove intent and modus operandi. In both cases, Appellant became employed by U.S. citizens of South Asian descent: Mr. Singh in one case and Mr. and Mrs. Patel in another case. In both cases, Appellant worked herself into a position of trust and access. In both cases, Appellant waited until her employer was away for an extended period of time. In both cases, Appellant then committed a theft. And in both cases, Appellant suddenly shut off all communication with her former employers.

Appellant cites Higginbotham v. State, 356 S.W.3d 584 (Texarkana 2011, pet. Ref'd). In that case, a witness testified to an extraneous offense committed by the defendant. Unlike this case, appellant in Higginbotham objected at the time of trial on the basis that the State had not proven the offense beyond a reasonable doubt. Additionally, the Court described the witness's statements as conclusory and inconsistent. In this case, Appellant did not object at the time of the testimony. (R.R. Vol. III, pg. 182). Mr. Singh's testimony was clear, unequivocal, and it comprehensively addressed each element of the offense of theft of property.

The trial court, as fact finder, could have reasonably found that the State proved this extraneous offense beyond a reasonable doubt. Appellant complains that the trial court did not make an express fact finding on the theft from Mr.

7

Singh. (Appellant's Brief at 8). No such finding is required under Texas law, and Appellant cites no authority in support of that argument.

## II. Even if it was error to admit the extraneous offense testimony, the error was harmless.

Even though the Court found the admission of the extraneous offense to be error in Higginbotham, it was determined to be harmless. Id at 592. Error in admitting evidence concerning extraneous offenses is reviewed under the standard for non-constitutional error requiring an appellate court to disregard a non-constitutional error that does not affect a criminal defendant's substantial rights. TEX.R.APP. 44.2(b). Reversible error has not occurred if the appellate court, after examining the record as a whole, "has a fair assurance that the error did not influence the jury, or had but a slight effect." Johnson v. State, 967 S.W.2d, 410. (Tex. Crim. App. 1998).

The Texas Court of Criminal Appeals has instructed:

"In assessing the likelihood that the jury's decision was adversely affected by the error, the appellate court should consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case. The

reviewing court might also consider the jury instruction given by the trial judge, the State's theory and any defensive theories, closing arguments, and even voir dire, if material to appellant's claim." Morales v. State, 32 S.W.3d 862. (Tex.Crim.App. 2000).

In this case, the court acted as fact finder, and thus all the concerns associated with misleading a jury are alleviated. Notably, Mr. Singh's testimony consisted of 9 pages of the record out of 153 pages of the State's case-in-chief and out of a 221 page record. (R.R. Vol. III pgs. 182-191). At no point during the State's closing argument did it even mention the extraneous offense. In light of the overwhelming evidence of guilt, the admission of Mr. Singh's testimony, if error, was harmless.

### III. The trial court did not make a Hardesty inference finding, but only considered the State's arguments along with the evidence.

The Hardesty inference is a legal device which may be utilized by the State during theft prosecutions. Hardesty v. State, 656 S.W.2d 73 (Tex.Crim.App. 1983). Once the elements of the inference are established, a fact finder may infer from those facts a defendant's guilt of theft. The inference is not a presumption, and it may or may not be sufficient to sustain a conviction. If an actor is found in

9

possession of recently stolen property and offers no reasonable explanation for his or her possession at the time, a fact finder may infer that the actor stole it.

Appellant complains that the trial court erred by making a Hardesty inference finding, and that the State failed to lay a proper predicate for the inference. The State acknowledges that it requested a Hardesty inference finding from the trial court, however, the trial court declined to make such a finding. Below is an excerpt from R.R. Vol. III, pgs. 191-192.

"MR. HARRISON: Your Honor, State has no further witnesses, no further exhibit evidence. We would – at this time, if we could take up the issue of the Hardesty inference? (State rests).

THE COURT: You're excused, Mr. Singh.

THE WITNESS: Thank you, sir.

THE COURT: Did you provide this same –both the case – the Hardesty case and the section from the Texas Practice Guide – Texas Practice Series regarding the Hardesty inference to Mr. Ferguson?

MR. HARRISON: I did, Your Honor.

THE COURT: Now, you correct me if I'm wrong, but would this not just be part of your closing arguments?

MR. HARRISON: Well, I believe it's a legal device. I know that there's no jury here. It's not a presumption.

THE COURT: Right.

MR. HARRISON: But it is – it's an inference that the Court can find –

THE COURT: Sure.

MR. HARRISON: -- which I think would help our case, but we could certainly just argue. That's true.

THE COURT: What I'm going to do is just kind of understand that that's going to be part of the State's argument in support of their burden of proof. And so the State has rested their case in chief. Mr. Ferguson?"

**IV.    Had the trial court made such a finding, it would not have been error anyway.**

Even if the trial court had made a finding that the State laid a sufficient predicate to avail itself of the <u>Hardesty</u> inference, such a finding would not have been error. Appellant cites <u>Pardee v. State</u>, 2012 Tex. App. LEXIS 6823, (Tex. App. – Texarkana 2012), which states "no inference of guilt can be raised where police found the stolen property in a place where others have an equal right and facility of access."

11

To lay the predicate for the <u>Hardesty</u> inference, the State had to present evidence that Appellant was found in possession of recently stolen property and offered no reasonable explanation for her possession at the time. Mrs. Wanda Henderson testified for the State. (R.R. Vol. III, pgs. 120-153). She stated that Appellant and Appellant's husband arrived at Henderson's place of residence to unload luggage and personal property. Appellant and her husband used a pickup truck and the process took two days.

Mrs. Henderson testified that she observed Appellant and her husband carrying multiple, "nice" looking suitcases. (R.R. Vol. III, pg. 127). Mrs. Henderson asked Appellant where they got the suitcases, and Appellant said she got them from Goodwill for $1.50 each. In court, Mrs. Henderson viewed photographs of stolen property seized from the residence and identified the suitcases in the photographs as the same ones Appellant and her husband were carrying. (State's Exhibits 2-7). The Victim, Mr. Jitendra Patel, earlier viewed the same photographs and identified the suitcases as being the very same which were stolen from him. (R.R. Vol. III pgs. 49-54).

The trial court, as fact finder, could have reasonably found that Appellant, either individually or under the law of parties with her husband, was in possession of recently stolen suitcases and that when she was asked about it by Mrs.

12

Henderson she gave an unreasonable explanation in the form of her $1.50 Goodwill story. Appellant's argument that Mr. Ron Hanson and Mrs. Wanda Henderson had an equal right of access to the room where the stolen property was eventually stored by Appellant misses the point. Mrs. Henderson testified that she saw Appellant and her husband with the stolen property physically in their hands as they moved it into the house. Joint possession of stolen property by multiple defendants is not a bar to the <u>Hardesty</u> inference. <u>Jones v. State</u>, 899 S.W.2d 25. (Tex. App. – Tyler 1995). In <u>Jones</u>, the court distinguishes between a case in which the stolen property was found, not on the accused's person, but in a remote location –a common attic – to which others might have had access. In <u>Jones</u>, however, the stolen property was found with him, in plain sight, though others were present.

## PRAYER FOR RELIEF

The State requests that this Court AFFIRM Appellant's conviction by the trial court.

By:/s/ Nicholas C. Harrison

Nicholas C. Harrison

Assistant District Attorney

State Bar No 24062768

P.O. Box 882

Sulphur Springs, Texas 75483

(903) 885-0641

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to counsel for Appellant, Wade Forsman, on this the 26th day of February, 2015.

By:/s/ Nicholas C. Harrison

Nicholas C. Harrison

Assistant District Attorney

**CERTIFICATE OF WORD COUNT**

I certify that this document contains 1,829 words according to the counting tool in the program used to generate this document.

By:/s/ Nicholas C. Harrison

Nicholas C. Harrison

Assistant District Attorney